LONNIE DEEL v. STATE OF INDIANA.

[No. 874S152. Filed December 7, 1976.]

*Stephen J. Cuthbert,* Tippecanoe Public Defender, of Lafayette, for appellant.

*Theodore L. Sendak,* Attorney General, *David A. Arthur,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The Appellant, Lonnie Deel, was convicted on January 17, 1974, of kidnapping and rape while armed. The Appellant filed a motion to be examined as a possible criminal sexual deviant on February 5, 1974. After delay required for the preparation of a record for the use of examining physicians, this motion was denied on August 6, 1974. The Appellant's motion to correct errors was denied on May 20, 1974. A supplemental motion to correct errors directed to the denial of the Appellant's motion to be examined as a possible criminal sexual deviant was filed on August 12, 1974, and was denied that same day.

The evidence at trial revealed that on the morning of August 19, 1973, Penny Parker, age 16, was working in a donut shop near Lafayette, Indiana, when a man entered the shop and placed an order. When the two of them were alone in the front part of the store, the man drew a gun from his belt and forced his victim out of the shop. Other employees behind a shop partition heard her say "Please don't kill me. I'll go with you." When they saw their co-worker leave the shop at gunpoint, they contacted the police.

After being taken from the donut shop, Miss Parker was forced to enter a pickup truck and was driven down the

highway located by the donut shop. At one point during the drive, Miss Parker made some attempt to jump from the truck. The gun, which had been tucked in her abductor's belt, was drawn again. She was told "not to try it." She found that the door on her side of the truck would not open. On a side road, a struggle over the truck's steering wheel caused the vehicle to hit a utilty pole.

Miss Parker was then pulled from the truck and beaten about the face and head. She was taken to a cornfield, where she was raped. This attack was interrupted when several men were spotted looking at the truck. The attacker pointed his gun at them and cocked the weapon, but did not fire it. He compelled his victim to crawl through the cornfield to a wooded area where she was once again raped. When she was then allowed to leave, she ran to a nearby house of some friends. Police, having been notified of the abduction and the location of the truck, arrived at the house almost at the same time.

Miss Parker identified the Appellant at trial as her attacker. He had been arrested on the same day as the attacks in this case after a search of the area surrounding the scene of their occurrence. The Appellant was still in posesssion of his gun when arrested. Testimony at trial further established that the pickup truck involved in the abduction was driven by the appellant in the course of his employment.

## I.

The Appellant presents two contentions in this appeal regarding the sufficiency of the evidence. It is first asserted that the evidence was insufficient to support the conclusion of the jury that the Appellant was legally sane at the time of the crimes in question. It is also asserted by the Appellant that the evidence was insufficient to support a verdict of guilty of armed rape.

When, as in this case, a defendant enters a plea of not guilty by reason of insanity, the burden of proving sanity

is on the State. *Johnson* v. *State*, (1970) 255 Ind. 324, 264 N.E.2d 57. When reveiwing a jury's determination that the State has successfully carried this burden, we treat this issue not unlike other questions of fact. We cannot weigh the evidence, nor can we judge the credibility of witnesses. This Court will look to the evidence on the issue most favorable to the State and the reasonable inferences to be drawn from that evidence. When there is substantial evidence of probative value to support the conclusion of the trier of fact that conclusion will not be overturned. *Maxey* v. *State*, (1976) 265 Ind. 244, 353 N.E.2d 457; *Blake* v. *State*, (1975) 262 Ind. 659, 323 N.E.2d 227.

The Appellant acknowledges that one of the physicians appointed by the court to examine him after the entry of his insanity plea testified that it was his opinion that the Appellant was legally sane at the time of the crimes involved in this case. Our review of the record reveals that other evidence was also presented which tends to support this conclusion. The Appellant's supervisor at his place of employment described the Appellant as a reliable and trustworthy employee. Arresting police officers testified that the Appellant appeared to understand his situation and the questions put to him, that he was coherent, and that there was no indication that he was under the influence of alcohol. The contention by the Appellant that intoxication had contribtuted to his mental state was further rebutted by the victim, who testified that the Appellant did not appear to be drunk. She also testified that the Appellant spoke to her regarding his going to prison for what he was doing, indicating an appreciation of the wrongfulness of his conduct. The Appellant's apparent lack of memory during his testimony regarding the acts of which he stood accused was impeached by the introduction into evidence of a confession in which there was no such problems of recollection. The evidence was sufficient to support the conclusion of the jury that the Appellant was legally sane at the time of the crimes in this case.

The assertion that the evidence in this case was insufficient

to support a conviction of rape while armed is based upon the premise that "the use of the pistol is not a significant factor in the rapes." In support of this, it is pointed out that testimony at trial established that the weapon was placed on the ground during the first act of rape.

The crimes of commission of a crime while armed, Ind. Code § 35-12-1-1 (Burns 1975), is not defined as commission of a crime "while holding gun in hand." The evidence at trial established that the Appellant abducted his victim at gunpoint, placing the gun in his belt when he drove. He drew it during the drive when his victim made an attempt to escape. During the first rape the gun was within easy reach of the Appellant. When that rape was interrupted, the gun was cocked and pointed at men observing the Appellant's truck. The gun was in the control of the Appellant when he and his victim crawled from the cornfield to the site of the second rape. The gun was still in the possession of the Appellant when he was arrested. The evidence thus established that this weapon was in the full control of the Appellant during the crimes in question and was instrumental in the commission of those crimes. The evidence establishing that the rapes in this case were carried out "while armed" was sufficient.

## II.

On the afternoon of his arrest, the Appellant gave a statement to police in which he confessed to the crimes for which he was convicted. That statement was suppressed by the trial court prior to trial, but was admitted into evidence for the purpose of impeachment. It is urged that the admission of this confession into evidence for this purpose was erroneous.

As noted before, the Appellant took the stand at trial and testified that he could not remember all the details of the time in which the crimes in this case took place. His confession was used to rebut this apparent loss of memory. A confession which is inadmissible as sub-

stantive evidence is admissible for the purpose of rebutting such a claim of loss of memory under appropriate circumstances. *Stevens* v. *State*, (1976) 265 Ind. 296, 354 N.E.2d 727; *Davis* v. *State*, (1971) 257 Ind. 46, 271 N.E.2d 893. It is argued by the Appellant that the circumstances of this case do not permit such impeachment because the Appellant admitted in his testimony that he remembered more details of the time in question when he gave his statement to police. Thus, it is asserted, there was no inconsistent testimony to impeach. This is not persuasive. The admission by the Appellant that he could remember more details at the time of his confession in no way establishes the truth of statements that he could not remember them at trial. In a sense, it merely restated the proposition that he could not remember those facts. The basic inconsistency between the Appellant's testimony and his prior statement remained and was a proper subject for rebuttal.

It is also asserted that even if it was proper to read the statement to the jury, it was improper to permit the jury to examine it. We find neither error nor harm here. If it was proper to read the statement to the jury, we fail to see what prejudice would attach to permitting the jurors to read it themselves.

### III.

The Appellant's final contention concerns the denial by the trial court of his motion to be examined as a possible criminal sexual deviant. After the Appellant filed this motion, the statutory provisions on criminal sexual deviancy were amended to except from their coverage persons convicted of rape committed by force, violence, or coercion. Ind. Code § 35-11-3.1-2.1 (Burns 1975). The trial court denied the Appellant's motion because he fell within this exception. We agree with the Appellant that this denial was erroneous.

In *Warner* v. *State*, (1976) 265 Ind. 262, 354 N.E.2d 178, this court held that the statutory provisions regarding crimi-

nal sexual deviancy are triggered by the commission of the offense, and that to apply the exception of Ind. Code § 35-11-3.1-2.1 to defendants whose crimes were committed prior to that amendment would result in *ex post facto* legislation. The writer of this opinion dissented in *Warner* v. *State* on the ground that the criminal sexual deviancy procedure is remedial and rehabilitative in nature, not punitive, and that the State should not be limited after a conviction in using new or alternative methods of rehabilitation. However, the majority of this Court has held that to avoid *ex post facto* application of the legislation in this case the Appellant must be permitted to file for examination as a possible criminal sexual deviant under Ind. Code § 35-11-3.1-3 (Burns 1975). This case is remanded to the trial court with instructions to permit the filing of such a petition and to consider it as was permitted under the Criminal Sexual Deviancy Act prior to the amendment excluding persons convicted of rape by force, violence, or coercion. The Appellant's convictions are not affected by this petition and the judgment of the trial court is otherwise affirmed.

All justices concur.

NOTE.—Reported at 357 N.E.2d 240.