**Steven Donald SCHERER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 48S00–8808–CR–715.**

Supreme Court of Indiana.

Dec. 12, 1990.

William D. McCarty, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Count I, Burglary, a Class B felony, and Count II, Arson, a Class B felony. Appellant was sentenced to ten (10) years on Count I and twenty (20) years with fifteen (15) years executed and five (5) years suspended on Count II. Count II was to run concurrently with Count I.

The facts are: Becky Hulett, the victim, met appellant in March of 1986 and began dating him. However, she began to have second thoughts about appellant due to his drinking problems. On June 14, 1986, Hulett informed appellant that their relationship was over and that she did not want to see him anymore. Appellant became very upset and promised to control his drinking problem.

On June 16, Hulett was having dinner with a friend, and she informed appellant that he could have dinner with them. However, appellant did not show up until later in the evening. As appellant was walking toward Hulett's house, he staggered and stepped on flowers along the walkway. Hulett asked him if he had been drinking, which he denied, and soon thereafter appellant became violent. Appellant opened the door and began destroying wall decorations and tore down some hanging plants. Hulett informed appellant she was going to call the police to which he replied that if she did he would torch her house. Hulett put down the phone, and as appellant left

the house, he continued to destroy items and hit Hulett's vehicle with his van before leaving.

Hulett later walked to a nearby store, and upon returning home, she found a message on her answering machine from appellant that he was going to torch her home and she should leave if she did not want to die. She reported the vandalism damage and the taped message to the police. They advised her to save the message and to stay somewhere else. Hulett stayed elsewhere for the next few days returning only to check her messages. On June 20, she decided to resume living at her home, and on that day, she cleaned up the damage caused by appellant. That evening appellant called to apologize and indicated that he wanted to see her, which she declined. Hulett then left her home with a friend.

At approximately 11:30 p.m., Hulett's neighbor, Mr. Morgan, saw a man at Hulett's home tearing down planters and throwing them. Morgan went outside and the man asked him if he had seen Hulett. After responding, Morgan and his wife went to another neighbor's home. Approximately ten minutes later, a fire broke out at Hulett's home.

Another witness, Patricia Gibson, saw a man walk off Hulett's porch. He looked at her, looked back at the porch, and walked to his van. About that time, the front porch on Hulett's home went up in flames. Gibson stated that the man drove away in a white van with cable television advertisements on the sides. An investigation revealed that the fire was started intentionally and that a second fire was set in the kitchen but had failed to burn.

■ Appellant first contends the trial court erred in admitting State's Exhibit No. 34, a charred gasoline can. He contends that a sufficient chain of custody was not established. A nonfungible item may be admitted into evidence based on testimony that the item is the one in question and is in a substantially unchanged state. *Dudley v. State* (1985), Ind., 480 N.E.2d 881, *cert. denied,* —— U.S. ——, 109 S.Ct. 1655, 104 L.Ed.2d 169. The State is only required to present evidence which strongly

suggests the exact whereabouts of the evidence at all times. *Gardner v. State* (1987), Ind., 514 N.E.2d 1261. If evidence is presented that the exhibit passed through numerous hands, the State does not need to exclude all possibility of tampering but instead must provide reasonable assurance that the evidence remained in an undisturbed condition. *Simmons v. State* (1987), Ind., 504 N.E.2d 575.

■ Appellant contends there was no evidence establishing a chain of custody required to show that the gasoline can was the same can as the one found at the scene of the fire. In addition, appellant contends that a gasoline can in a property room would be a common item; thus there was nothing to distinguish the can in question from other burned gasoline cans.

Patrick Williams of the Anderson Police Department picked up State's Exhibit 34 from the front porch of Hulett's home and took possession of it, tagged the exhibit, and placed it in the property locker. During trial, he testified that the exhibit appeared to be the same gasoline can that he found at the scene. He testified as to the location of this exhibit when it was found and where the exhibit was placed. The officer also testified that his handwriting was on the tag on the can. We find no error in admitting this exhibit.

Appellant contends prosecutorial misconduct occurred during closing arguments. The prosecutor referred to opposing counsel and told the jury "someone is trying to snow you," then recited more facts and again stated, "you are snowed under and you have to try to dig yourself out."

■ Appellant concedes that defense counsel did not object to the prosecutor's comments at the time. He claims that the error was fundamental and should lead to a reversal. However, to be fundamental error, it should be demonstrated that the conduct of the prosecutor subjected the defendant to "grave peril" and had a probable persuasive effect on the jury decision. *Maldonado v. State* (1976), 265 Ind. 492, 355 N.E.2d 843.

In the case at bar, the evidence against appellant is so overwhelming it is unrealistic to believe that the simple statements by the prosecutor repeatedly referring to a "snow job" could have tipped the scales in the jury's mind regarding appellant's guilt.

Appellant also contends that the prosecutor misstated the evidence. The prosecutor had referred to evidence concerning whether a witness, Castro, had noticed a shattered window when he shined a spotlight on appellant's van. Appellant claims there was no evidence as to which side of the van was exposed to Castro's view. Whatever the facts were, which were presented to the jury, either counsel was free to argue his version of those facts. It was for the jury to decide which counsel had the correct recollection of the evidence. Here again, no objection was made.

However, he again argues fundamental error. If the prosecutor in fact did misstate the evidence, defense counsel had every opportunity to point that out to the jury in his own presentation. If this conduct in fact was improper, it was readily rectified; thus it cannot constitute fundamental error. *See Johnson v. State* (1979), 271 Ind. 145, 390 N.E.2d 1005. We cannot accept appellant's argument that the trial court had a duty to stop the improper argument on his own.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.