**Paul B. CHANNELL, Appellant–Petitioner,**

**v.**

**STATE of Indiana, Appellee–Respondent.**

**No. 64A03–9503–PC–67.**

Court of Appeals of Indiana.

Nov. 30, 1995.

Rehearing Denied Feb. 27, 1996.

Transfer Denied May 1, 1996.

Susan K. Carpenter, Public Defender of Indiana and John A. England, Deputy Public Defender, Indianapolis, for Appellant.

Pamela Carter, Attorney General of Indiana and Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

STATON, Judge.

Paul B. Channell ("Channell") appeals from the trial court's denial of his petition for post-conviction relief. Channell presents six issues for appellate review which we restate as follows:

I. Whether the trial court erred in its jury instruction for attempted murder.

II. Whether there was sufficient evidence to support Channell's conviction for robbery.

III. Whether Channell's convictions for attempted murder and robbery constituted double jeopardy.

IV. Whether the trial court erred in its jury instruction for robbery.

V. Whether prosecutorial misconduct interfered with Channell's right to a fair trial.

VI. Whether Channell was denied the effective assistance of appellate counsel.

We affirm in part, reverse in part, and remand.

The pertinent facts reveal that in June 1989 Channell was found guilty of attempted murder, a class A felony [1], robbery, a class A felony [2], and battery, a class C felony [3], for which he was sentenced to forty years in prison. This court affirmed the trial court's judgment by memorandum decision on May 16, 1991. In September 1993, Channell filed a petition for post-conviction for relief. Fol-

---

1. IND.CODE § 35–41–5–1 and I.C. § 35–42–1–1 (1993).

2. I.C. § 35–42–5–1.

3. I.C. § 35–42–2–1.

lowing a hearing, the trial court denied the petition. This appeal ensued.

■ Under the rules of post-conviction relief, the petitioner bears the burden of establishing his grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1, § 5; *Weatherford v. State* (1993), Ind.App., 619 N.E.2d 915, 917, *reh. denied.* To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the trial court. *Id.*

## I.

### *Jury Instruction—Attempted Murder*

■ Channell contends that the trial court's jury instruction for attempted murder constituted fundamental error. Fundamental error is error that not corrected would deny the defendant due process. *Ward v. State* (1988), Ind., 519 N.E.2d 561, 562. This court will review an issue not properly raised and preserved only when a blatant violation of basic principles has occurred, and the harm or potential for harm cannot be denied. *Id.*

The jury received the following instructions:

The crime of attempt is defined by statute as follows:

A person attempts to commit a crime, when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted. However, an attempt to commit murder is a Class A felony.

To convict the defendant the State must have proved each of the following elements:

The defendant

1. Knowingly or intentionally
2. engaged in conduct
3. that the conduct was a substantial step toward the commission of the crime of murder.

If the State failed to prove each of these elements, you should find the defendant not guilty.

If the State did prove each of these elements beyond a reasonable doubt, you should find the defendant guilty of the crime of attempt, a class A felony.

\* \* \* \* \* \*

The crime of murder is defined by statute as follows:

A person who knowingly or intentionally kills another human being, or kills another human being while committing or attempting to commit arson, burglary, child molesting, criminal deviate conduct, kidnapping, rape, or robbery, commits murder, a felony.

To convict the defendant the State must have proved each of the following elements:

The defendant:

1. knowingly or intentionally
2. killed
3. another human being [name].

[or]

The defendant

1. killed
2. another human being [name]
3. while committing or attempting to commit arson, burglary, child molesting, criminal deviate conduct, kidnapping, rape, or robbery.

If the State failed to prove each of these elements beyond a reasonable doubt, you should find the defendant not guilty.

If the State did prove each of these elements beyond a reasonable doubt, you should find the defendant guilty of murder, a felony.

\* \* \* \* \* \*

■ The Indiana Supreme Court has recently stressed the well-settled rule that any instruction which purports to set forth the elements of attempted murder must include specific intent. *See Greer v. State* (1994), Ind., 643 N.E.2d 324, 326, *reh. denied; Beasley v. State* (1994), Ind., 643 N.E.2d 346, 348, *reh. denied.* To convict a defendant of attempted murder, the jury must find that

the defendant acted with the specific intent to kill when he took the substantial step towards committing the crime. *Beasley, supra.* Absent the inclusion of specific intent as an element of attempted murder, individuals who act without the necessary *mens rea* could be found guilty of attempted murder. *Greer, supra.*

The instructions given here did not inform the jury that the State was required to prove beyond a reasonable doubt that the defendant, with the intent to kill, engaged in conduct which was a substantial step toward such killing. Instead, these instructions allowed the jury to conclude that because Channell knowingly or intentionally beat the victim, he "attempted murder". This is in error.

■ Nevertheless, because Channell did not object to these instructions at trial, our review is limited to whether fundamental error occurred. Fundamental error results from the giving of an attempted murder instruction when the instructions as a whole failed to inform the jury that the defendant must have intended to kill the victim. *Id.* Fundamental error may be avoided where the charging information or other instructions informed the jury that, in order to convict, it must find that the defendant was attempting to kill the victim at the time of the attack. *Parks v. State* (1995), Ind.App., 646 N.E.2d 985, 987, *trans. denied* (citing *Jackson v. State* (1991), Ind., 575 N.E.2d 617, 621).

In *Jackson,* the Indiana Supreme Court affirmed the defendant's conviction despite erroneous jury instructions because (1) the instructions included "attempting to kill" language; and (2) the central issue in the trial was whether the defendant was the gunman, not whether the defendant intended to kill the victim. *Jackson, supra.* There, the intent to commit murder was clear because the defendant shot the victim at close range into his neck, leaving the controlling issue whether the defendant was the gunman. *Id.* The court noted:

> ... [T]he instruction required that the State prove that, when the defendant fired his pistol at [the victim], he was 'attempting to kill' him. While 'attempting to kill'

is not synonymous with 'intending to kill', we believe that no significant potential for harm resulted from the substitution of 'attempting' for 'intending' in this case.

*Id.* Relying on *Jackson,* the State contends that Channell's defense was the identity of the attacker and that a proper instruction would have had little effect on the outcome of the trial.

■ Unlike the instruction in *Jackson,* the instructions here did not indicate to the jury that the defendant was "attempting to kill" the victim. The first condition of *Jackson* was not met and the instructions here affirmatively misled the jury. Fundamental error occurred. *Beasley, supra,* at. 348. Therefore, we reverse Channell's conviction for attempted murder.

## II.

### *Sufficiency of the Evidence*

Channell next contends that the post-conviction court erred in denying his claim that there was insufficient evidence to support his conviction for robbery. Channell concedes that he did not raise this issue on direct appeal but argues that the State's failure constituted fundamental error. As indicated *supra,* fundamental error is error that not corrected would deny the defendant due process. *Ward, supra.*

■ Our test for sufficiency of the evidence requires that we neither weigh the evidence nor resolve questions of credibility. We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom which support the verdict. *Jones v. State* (1992), Ind., 589 N.E.2d 241, 242.

Robbery is a class A felony if it results in serious bodily injury to any person other than the defendant. I.C. § 35-42-5-1. Serious bodily injury is bodily injury that creates a substantial risk of death or that causes serious permanent disfigurement, unconsciousness, extreme pain, or permanent or protracted loss or impairment of the function of a bodily member or organ. I.C. § 35-41-1-25.

Channell contends that the State did not demonstrate that the victim, Atkins, suffered serious bodily injury because the State failed to show that Atkins suffered extreme pain. We disagree. At trial, Atkins testified that Channell choked him with his forearm and with a cane, struck him in the face and head, hit him in the head with an old fashioned flat iron, and repeatedly stabbed him in the head with a fork requiring eighteen stitches. Ample evidence exists to support Channell's conviction for robbery as a class A felony. *See Payne v. State* (1985), Ind., 484 N.E.2d 16, 19 (conviction for class A felony robbery supported by evidence that defendant struck victim's head causing bruising and soreness which showed that victim suffered physical pain). There is no fundamental error here.

### III.

### *Double Jeopardy*

Channell contends that his conviction for robbery violates the prohibition against double jeopardy. Channell did not raise this issue on direct appeal but we address this issue because a double jeopardy violation constitutes fundamental error. *Odom v. State* (1995), Ind.App., 647 N.E.2d 377, 379, n. 4, *trans. denied.*

Channell contends that the State used the same conduct to convict him of robbery and attempted murder. The Fifth Amendment to the United States Constitution protects against multiple punishments for the same offense. *Jackson v. State* (1993), Ind., 625 N.E.2d 1219, 1221; *Whalen v. United States* (1980), 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715. The imposition of two sentences for the same injurious consequences which were sustained by the same victim and inflicted by the defendant's singu-

lar act, violates the double jeopardy prohibitions of the Indiana Constitution. *Hansford v. State* (1986), Ind., 490 N.E.2d 1083, 1089.

In *Bevill v. State* (1985), Ind., 472 N.E.2d 1247, *reh. denied,* the Indiana Supreme Court determined that the defendant's punishment for attempted murder and burglary violated double jeopardy when the defendant repeatedly stabbed the victim. The court determined that the injury could not sustain convictions for both attempted murder and the bodily injury element of burglary. *Id.* at 1253–1254. However, the Indiana Supreme Court has determined that double jeopardy will not be implicated where multiple injuries inflicted on the victim do not stem from a single act. *Jackson, supra,* and *see Wethington v. State* (1995), Ind.App., 655 N.E.2d 91, 96–97, *trans. denied* (convictions for attempted murder and robbery did not violate double jeopardy where defendant repeatedly bludgeoned and strangled the victim, and then pushed her from a car from which she sustained multiple injuries over a period of one-half hour).

Channell contends that the evidence the State relied upon at trial to prove serious bodily injury for robbery resulted from the same conduct which the State relied upon to prove the substantial step element for attempted murder. The State refers us to the charging instruments to argue that the conduct for the two crimes was separate and distinct.[4] We agree with Channell.

Unlike in *Jackson* and *Wethington* where the multiple injuries occurred not from a single, immediate, continuous act but were spread over an extended period of time, here, there was only one beating of the victim. Thus, the attempted murder charge and the robbery charge, to the extent that it included the added element of serious bodily

---

**4.** For attempted murder, the charging instrument reads:

[Channell] attempt[ed] to commit the crime of Murder when, . . ., he engaged in conduct that constituted a substantial step toward the commission of the crime, to-wit: knowingly or intentionally attempted to kill Robert Atkins by attacking Robert Atkins and choking Robert Atkins with his hands, with a cane, by striking Robert Atkins with an iron, and by striking Robert Atkins with a carving fork, . . .

For robbery, the charging instrument reads: [Channell] knowingly or intentionally [did] take property from Robert Atkins or from the presence of Robert Atkins, to wit: Atkins' car keys and car, by using force on Robert Atkins, said offense being a Class A felony because it resulted in serious bodily injury to-wit: extreme pain to Robert Atkins, . . .

Record, pp. 5–6.

injury, were based upon the same confrontation. *Bevill, supra*, at 1254. This conduct cannot sustain both convictions. Accordingly, we determine that Channell's convictions for attempted murder and robbery constituted double jeopardy.

## IV.

### *Jury Instruction—Robbery*

Channell contends that the trial court erred in instructing the jury on the elements of robbery as a class A felony. Again, Channell concedes that he failed to object to the instruction at trial but argues that the trial court's error was fundamental.

Channell contends that the trial court misinformed the jury on the bodily injury requirement for robbery. I.C. § 35–42–5–1 indicates that robbery will be a class A felony if it results in serious bodily injury to any person other than a defendant.

■ The jury received the following instruction for robbery as a class A felony:

\*    \*    \*    \*    \*    \*

If the State further proved, beyond a reasonable doubt, that the acts of the defendant resulted in bodily injury or serious bodily injury to any other person, you should find the defendant guilty of robbery, a Class A felony.[5]

Thus, the jury instruction misstated the serious bodily injury requirement.

■ An error in the instruction to the jury does not require reversal if the conviction is clearly sustained by the evidence and the jury could not properly have found otherwise. *Burton v. State* (1988), Ind., 526 N.E.2d 1163, 1166.

■ As indicated *supra* in Part II, the record discloses substantial evidence that the victim, Atkins, suffered serious bodily injury as a result of Channell's robbery. After being repeatedly beaten with a flat iron and stabbed with a fork, the victim required eighteen stitches and suffered extreme pain. Ample evidence supports Channell's conviction for robbery as a class A felony and the jury could not have properly found otherwise. The given instruction constituted harmless error.

## V.

### *Prosecutorial Misconduct*

Channell contends that comments by the prosecutor during his closing argument were so prejudicial that he was denied a fair trial. Channell concedes that he failed to object to the prosecutor's comment but argues that the misconduct constituted fundamental error.

■ For prosecutorial misconduct to be fundamental error, it must be demonstrated that the prosecutor's conduct subjected the defendant to grave peril and had a probable persuasive effect on the jury's decision. *Scherer v. State* (1990), Ind., 563 N.E.2d 584, 586.

Channell contends that the prosecutor engaged in misconduct during closing arguments by commenting on his failure to testify. The comment at issue was:

> ... Just one other comment about the drug and alcohol comments made by the Defendant. What testimony did you hear from that witness[ ] stand that this Defendant consumed any alcohol or had any drug on that day? Absolutely none. There's no testimony he had any alcohol or any drug or was talking under the influence of alcohol or drugs, and the Judge will tell you in final comments, you're to make your decision based on testimony that came from that witness[ ] stand. Thank you.

Record, p. 255. Because the victim and his wife testified that Channell did not appear to be intoxicated or under the influence of drugs and because no witnesses appeared for the defense, Channell argues that, by these comments, the prosecutor was impermissibly referring to Channell's failure to testify. We disagree.

---

**5.** This instruction cites the language of I.C. § 35–42–5–1 prior to being amended by 1984 Ind. Acts

P.L. 186–Sec. 1.

The Indiana Supreme Court has indicated that if in its totality the prosecutor's comment is addressed to other evidence rather than the defendant's failure to testify, it is not grounds for reversal. *Hopkins v. State* (1991), Ind., 582 N.E.2d 345, 348, *reh. denied* (quoting *Hill v. State* (1988), Ind., 517 N.E.2d 784, 788, *reh. denied* ). Arguments which focus on the uncontradicted nature of the State's case do not violate the defendant's right not to testify. *Id.*

Here, the prosecutor made no direct reference to Channell's constitutional right to remain silent; instead, the comment emphasized the uncontradicted testimony regarding the lack of evidence that Channell used alcohol or drugs. The prosecutor acted within his scope. *See Wine v. State* (1994), Ind. App., 637 N.E.2d 1369, 1375, *trans. denied* (prosecutor's comment, "And that is the only testimony from all the people in that front room that you have" focused on the lack of contradictory evidence rather than defendant's failure to testify and thus, did not constitute fundamental error). Accordingly, we find no fundamental error here.

## VI.

*Ineffective Assistance of Appellate Counsel*

Finally, Channell argues that he was denied the effective assistance of appellate counsel. The effectiveness of appellate counsel's representation is determined on appeal using the same standards as applied to trial counsel. *Thornton v. State* (1991), Ind., 570 N.E.2d 35, 37. To prevail on a claim of ineffective assistance of counsel, a defendant must show that: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) but for counsel's deficient performance the result of the proceedings would have been different. *Fugate v. State* (1993), Ind., 608 N.E.2d 1370, 1372. Counsel is presumed competent and the defendant must present strong and convincing evidence to rebut this presumption. *Id.*

Judicial scrutiny of counsel's performance is highly deferential and should not be exercised through the distortions of hindsight. Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to

ineffectiveness of counsel. *Bellmore v. State* (1992), Ind., 602 N.E.2d 111, 123, *reh. denied* (citing *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674).

Channell contends that his appellate counsel was ineffective for, *inter alia,* failing to assert claims of fundamental error regarding the trial court's failure to tender a proper instruction for attempted murder and its failure to protect against double jeopardy. As indicated *supra* in Parts I and III, Channell has made a sufficient showing of fundamental error on both of these issues. Appellate counsel's failure to raise either of this issues on direct appeal rendered their assistance ineffective. *See Palmer v. State* (1991), Ind., 573 N.E.2d 880 and *Curry v. State* (1994), Ind.App., 643 N.E.2d 963, 980–981, *reh. denied, trans. denied.*

In sum, this cause is remanded to the post-conviction court with instructions to vacate the conviction and sentence for attempted murder. In all other respects, the denial of Channell's petition for post-conviction relief is affirmed.

Affirmed in part, reversed in part, and remanded.

GARRARD and ROBERTSON, JJ., concur.