Samuel VALENTIN, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9606–PC–376.

Court of Appeals of Indiana.

Sept. 25, 1997.

Robert C. Perry, Indianapolis, for Appellant–Defendant.

Jeffrey Modisett, Attorney General, Geoff Davis, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION ON REHEARING

STATON, Judge.

The State petitions for rehearing of *Valentin v. State*, No. 49A02–9606–PC–376, 683 N.E.2d 648 (Ind.Ct.App. July 18, 1997), contending that a different result is compelled by the Indiana Supreme Court's recent changes to Indiana's application of the federal Double Jeopardy Clause delineated in *Games v. State*, 684 N.E.2d 466 (Ind.1997) and *Grinstead v. State*, 684 N.E.2d 482 (Ind. 1997).

We deny the petition for rehearing.

Valentin was convicted of Conspiracy to Kidnap, Kidnaping, Felony Murder in the Commission of Kidnaping, and Robbery, reversed in part on direct appeal in *Valentin v. State*, 567 N.E.2d 792 (Ind.1991). All of Valentin's convictions stem from hijacking a van in 1986 along with two accomplices. The kidnaped driver of the van was eventually killed. The only act in furtherance of the conspiracy to kidnap was the actual kidnaping itself. The trial court merged the conviction for the underlying crime of Kidnaping with the conviction for Felony Murder in the Commission of Kidnaping, but did not merge Valentin's conviction for Conspiracy to Kidnap with the Kidnaping conviction. After remand from the Indiana Supreme Court, consecutive sentences totaling 110 years were imposed on the convictions of Conspiracy to Kidnap, Felony Murder in the Commission of Kidnaping, and Robbery.

Valentin argued on appeal that because the only act in furtherance of the conspiracy to kidnap was the actual kidnaping, the one act of kidnaping formed the factual basis for both the Conspiracy to Kidnap and the Kidnaping convictions. He argued that his constitutional protection against double jeopardy was violated by his being punished multiple times for a single act due to the trial court's failure to merge the conspiracy conviction with the conviction for the underlying crime.

Applying *Buie v. State*, 633 N.E.2d 250, 261 (Ind.1994), *reh. denied*, we determined that where the only act in furtherance of a conspiracy is the crime itself, double jeopardy bars conviction for both conspiracy and the underlying crime. Therefore we reversed and remanded the case with instructions to merge the Conspiracy to Kidnap conviction with the Kidnaping conviction, vacating the sentence of thirty years imprisonment for Conspiracy to Kidnap. Valentin's convictions for Robbery and Felony Murder, with their consecutive sentences of eighty years, were affirmed.

■ The State seeks rehearing based on the Indiana Supreme Court's recent rulings in *Games v. State*, 684 N.E.2d 466 (Ind.1997) and *Grinstead v. State*, 684 N.E.2d 482. In both *Games* and *Grinstead* the Indiana Supreme Court held that its previous interpre-

tations of the federal Double Jeopardy Clause did not comport with federal jurisprudence. *Games*, 684 N.E.2d at 474; *Grinstead*, 684 N.E.2d at 485–86. The Indiana Supreme Court held that the proper test to be applied under federal double jeopardy analysis is the two-fold inquiry enunciated in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Under *Blockburger*, the court must first determine whether the legislature intended multiple punishments for a single act. *Games*, 684 N.E.2d at 474. The federal Double Jeopardy Clause allows the legislature to impose multiple punishments for a single act, but requires that the legislative intent to do so be clearly demonstrated. *Id.*

■ If it is uncertain whether the legislature intended multiple punishments, then a comparison of the statutory provisions at issue is required. "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Games*, 684 N.E.2d at 475 (quoting *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309). This test limits the court to an examination of the relevant statutes. *Grinstead*, 684 N.E.2d at 485–86. Prior Indiana cases suggesting that federal law requires a further inquiry into the factual elements of a crime were overruled. *Games*, 684 N.E.2d at 474; *Grinstead*, 684 N.E.2d at 485–86.

■ The State is correct in arguing that the statutory elements of Conspiracy to Kidnap and Kidnaping are different. Conspiracy to Kidnap requires proof of an agreement, but does not require proof of an actual Kidnaping. In contrast, Kidnaping requires proof of an actual kidnaping, but does not require proof of an agreement. Thus, under the federal test outlined in *Games* and *Grinstead*, double jeopardy would not be violated by sentences imposed on convictions for both crimes.

■ However, unaddressed by the Indiana Supreme Court in either *Games* or *Grinstead* is whether Article I, § 14 of the

Indiana Constitution provides greater protection than the federal Double Jeopardy Clause. Moreover, the court expressly limited both decisions to a discussion of Indiana's application of federal law, declining to consider the Indiana Constitution. *Games,* 684 N.E.2d at 473 n. 7; *Grinstead,* 684 N.E.2d at 485–86. Indiana's double jeopardy analysis goes beyond the simple comparison of statutes called for under federal jurisprudence and the Indiana Supreme Court has found violations of Article I, § 14 where a single act constituted the basis for multiple punishments. *See Buie v. State,* 633 N.E.2d 250, 260–61 (Ind.1994). In *Buie,* the Indiana Supreme Court held that "where the overt act element of a conspiracy charge is the underlying offense, convictions and sentences for both would constitute multiple punishments for the same offense, which both the federal *and Indiana constitutions forbid."* *Id.* at 261 (emphasis added). Valentin invoked the protections of the Indiana Constitution in his brief and through his reliance on Indiana case law, including *Buie. See Appellants Brief* at 8–12. Therefore the petition for rehearing is denied.

FRIEDLANDER, J., concurs in result with separate opinion.

HOFFMAN, J., dissents with separate opinion.

FRIEDLANDER, Judge, concurring in result.

I agree that Valentin's convictions of both conspiracy to commit kidnaping and kidnaping violated the Indiana Constitution's double jeopardy provision and therefore the petition for rehearing should be denied. I write separately to clarify the basis for my vote.

In recent years, the United States Supreme Court has modified the federal double jeopardy analysis. *See United States v. Dixon,* 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). On the question of multiple punishments, the analysis under *Dixon* focuses only upon the elements of the offenses in question, rather than upon the facts which must be proven. The practical effect of the new analysis is that some convictions are affirmed that formerly would have been found in violation of double jeopardy principles. The instant case is such a case.

As Judge Staton notes, our supreme court recently recognized and applied the new analysis to the issue of federal double jeopardy in *Games v. State.* However, the court expressly reserved for another day the question of whether, and how, *Dixon* impacts the double jeopardy analysis for challenges arising under the Indiana Constitution. *See also Potter v. State,* 684 N.E.2d 1127 (Ind.1997). We are confronted here with the question our supreme court has yet to address, namely, does the analysis of double jeopardy questions arising under the Indiana Constitution change in lockstep with the federal analysis? Implicit in this question is the question of why there has not previously been an independent Indiana double jeopardy analysis. Put another way, why have the analyses for double jeopardy challenges arising under the United States and Indiana Constitutions, respectively, been one and the same?

It is significant to me that the respective texts of the double jeopardy provisions contained in the United States and Indiana Constitutions are not precisely the same. *See* U.S. Const. amend. V; Ind. Const. art 1, § 14. Therefore, it cannot be said that the previously coterminous analyses were based upon identical texts. From this, I conclude that our courts adopted the pre-*Dixon* federal analysis for challenges arising under the Indiana Constitution because such was deemed proper in view of the specific text of Article 1, § 14. Although it also happened that the same analysis was applied to challenges arising under the United States Constitution, such does not indicate to me that the analysis under the Indiana Constitution necessarily was intended to mirror the analysis under the United States Constitution.

Until our supreme court indicates otherwise, I believe that, because the text of Article 1, § 14 of the Indiana Constitution has not changed, the analysis under that provision remains unchanged, regardless of whether the analysis of its federal counterpart has been modified. For these reasons, I concur in the decision to deny the petition for rehearing.

HOFFMAN, Judge, dissenting.

I dissent from the denial of rehearing on the basis asserted by the majority. The double jeopardy analysis in *Games v. State,* 684 N.E.2d 466 (Ind.1997) specifically noted:

In presenting the general claim that his sentences violate the double jeopardy provisions of the Indiana and United States Constitutions, the defendant [Games] cites both constitutions. However, the defendant does not provide Indiana authority, and we find none from this Court, establishing an independent state double jeopardy protection based upon an analysis of the Indiana Constitution.

*Id.,* 684 N.E.2d at 473 n. 7. I interpret this to mean that no viable authority exists which would allow Valentin to launch a constitutional double jeopardy attack, based upon Article I, § 14 of Indiana's Constitution, against the convictions in the situation presented here.

The court in *Games* and *Grinstead v. State,* 684 N.E.2d 482 (Ind.1997), found that Indiana cases which had held that a full double jeopardy analysis went further than *Blockburger* and included viewing the factual elements in the charging information and the jury instructions, are no longer "accurate statement[s] of federal double jeopardy law." *Grinstead,* 684 N.E.2d at 486.

If no state constitutional analysis exists and federal constitutional analysis now dictates "that we look only to the relevant statutes in applying *Blockburger,* and no further," *id.,* no double jeopardy protection can be invoked in the present case. In *Buie v. State,* 633 N.E.2d 250, 260, the court reiterated:

Our cases have said repeatedly that it does not violate the Double Jeopardy Clause of the Fifth Amendment or Article I, § 14 of the Indiana Constitution to charge and convict a person for both a substantive offense and a conspiracy to commit the substantive offense.

*Id.;*[1] *citing e.g. Derado v. State,* 622 N.E.2d 181, 184 (Ind.1993), *Witte v. State,* 550 N.E.2d 68, 71 (Ind.1990), *Hammers v. State,*

502 N.E.2d 1339, 1343 (Ind.1987). Ultimately, in *Derado* and *Buie,* the court found double jeopardy violations in the sentencing for conspiracy and the substantive offense. In both cases, the court found no *Blockburger* violation, but instead found that the charging information relied upon the substantive offense to prove the overt act in furtherance of the conspiracy. After *Games* and *Grinstead,* it is clear that courts will not engage in double jeopardy review which extends beyond the *Blockburger* test.

Pursuant to the pronouncements in *Games* and *Grinstead* vitiating certain components of the double jeopardy inquiry which had evolved in Indiana case law, I would vote to grant rehearing and affirm the judgment of the trial court.

---

1. The majority correctly notes that *Buie* also contains a later statement finding both federal and Indiana protections against double jeopardy for conspiracy and the substantive offense where the overt act in furtherance of the conspiracy is the substantive offense. However, *Games* and *Grinstead* explicitly and implicitly overrule previous decisions which are counter to their analysis.