**David GRAFE, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 49A02–9701–PC–16.**

Court of Appeals of Indiana.

Oct. 21, 1997.

Susan K. Carpenter, Public Defender, Mario Joven, Deputy Public Defender, Indianapolis, for Appellant–Petitioner.

Jeffrey A. Modisett, Attorney General, Phillip D. Hatfield, Deputy Attorney General, Indianapolis, for Appellee–Respondent.

## OPINION

FRIEDLANDER, Judge.

David Grafe appeals from the partial denial of his petition for post-conviction relief from his convictions of Rape,[1] a class A felony, two counts of Criminal Deviate Conduct,[2] both class A felonies, two counts of Criminal Confinement,[3] both class B felonies, Attempted Murder,[4] a class A felony, and Battery,[5] a class C felony. Grafe presents the following restated issues for review: [6]

1. Did the conviction of both attempted murder and the elevation of the confinement to a class B felony violate double jeopardy principles?

2. Did the elevation of the offenses committed against H.M. violate double jeopardy principles?

3. Was the evidence sufficient to support the judgment?

4. Did Grafe receive ineffective assistance of trial and appellate counsel?

We affirm.

The facts favorable to the judgment are that on the night of September 26, 1986, Grafe broke into the residence of 54–year-old Clara Hyers.[7] He entered Hyers's bedroom, where she was sleeping with her 11–year-old niece, H.M. Grafe struck Hyers on the head with a glass bowl and subsequently held her down when she attempted to get up.

After incapacitating Hyers, Grafe knocked H.M. unconscious with a blow to the head, opening a cut that would later require seven stitches to close. Grafe then moved H.M. to her bedroom and removed her clothing. When H.M. regained consciousness, she was lying on her own bed with no clothes on and Grafe was in the room. Thereafter, while forcing H.M. to move from room to room in the residence, Grafe attempted to perform vaginal and anal intercourse on H.M., and also placed his penis in her mouth. Grafe eventually left and H.M. summoned police. Grafe was convicted as set out above and sentenced to 195 years in prison.

Grafe filed a petition for post-conviction relief (PCR) setting forth the issues detailed above. The post-conviction court granted the PCR petition in part, vacating the attempted murder conviction and remanding for a new trial upon its determination that the trial court erred in instructing the jury regarding the elements of that offense. The State does not appeal that determination.

1.

Grafe contends that the trial court erred in elevating to a class B felony the confinement conviction relating to the attack upon Hyres. Grafe contends that the elevation violated double jeopardy principles, which do not permit the elevation of an offense as a result of conduct that formed the basis of a separate conviction.[8]

We note first that Grafe did not present the double jeopardy issue on direct appeal. Normally, the failure to present an

---

1. Ind.Code Ann. § 35–42–4–1 (West Supp.1996).

2. IC § 35–42–4–2 (West 1996).

3. IC § 35–42–3–3 (West Supp.1996).

4. Ind.Code Ann. § 35–41–5–1 (West 1986) (attempt); IC § 35–42–1–1 (West Supp.1996) (murder).

5. IC § 35–42–2–1 (West Supp.1996).

6. Grafe also argues that the trial court erred in rejecting the petition based upon laches. Because we resolve the other issues presented by Grafe on the merits, we need not address the issue of laches.

7. In the record, the victim's name is spelled two different ways: "Hyres" and "Hires". It is not

apparent from the record which is the correct spelling. For the sake of clarity, we will henceforth employ the former spelling, except where quoting material from the record that contains the alternate spelling.

8. The State has misconstrued Grafe's argument upon this issue. The State contends that convictions of both confinement and attempted murder stemming from the attack upon Hyers were proper because the two were based upon separate and distinct actions. While the State's argument is a correct statement of law, it is not responsive to Grafe's contention, i.e., that the confinement conviction cannot be elevated to a B felony as a result of the acts which gave rise to a separate conviction for attempted murder.

issue waives it for purposes of post-conviction relief. However, we address this issue because a double jeopardy violation constitutes fundamental error. *Channell v. State*, 658 N.E.2d 925 (Ind.Ct.App.1995), *trans. denied.*

■ Grafe contends that the elevation of the confinement offense violated the double jeopardy provisions of both the Indiana and United States Constitutions. Until recently, the analyses for claims arising under both constitutional provisions were the same. However, our supreme court recently recognized that the interpretation of the federal Double Jeopardy Clause has changed. *See Games v. State*, 684 N.E.2d 466 (Ind.1997). The current federal interpretation focuses upon the statutory elements of the offenses in question, not upon the facts that must be proven under the particular indictment at issue. *United States v. Dixon*, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). Grafe's argument fails under the new interpretation of the federal Double Jeopardy Clause because confinement and attempted murder each require proof of a fact that the other does not. *Id.*

■ Expressly left unanswered by our supreme court in *Games* were the questions of whether, and how, the interpretation of the Indiana Constitution's Double Jeopardy Clause was altered by the modification of the interpretation of its federal counterpart. Different panels of this court have reached conflicting conclusions on this question. *See Valentin v. State*, 685 N.E.2d 1100 (Ind.Ct. App.1997) (Friedlander, J., concurring in result) (because the text of Article 1, § 14 of the Indiana Constitution has not changed, neither does the interpretation or analysis); *Sharp v. State*, 684 N.E.2d 544 (Ind.Ct.App. 1997) (concluding that *Games v. State* disapproved Indiana's former double jeopardy analysis). For the reasons expressed in this author's separate opinion in *Valentin*, we conclude that the interpretation of the Double Jeopardy Clause of the Indiana Constitution was not altered by *Dixon*. Therefore, we apply this analysis in considering Grafe's challenge under the Indiana Constitution.

In *Bevill v. State*, 472 N.E.2d 1247 (Ind. 1985), our supreme court determined that double jeopardy principles prohibited a conviction of both attempted murder and class A felony burglary, to the extent that the burglary was elevated by the bodily injury suffered by the victim as a result of the act constituting an element of the attempted murder charge. The court explained that such was erroneous because:

> the attempted murder charge, and the burglary charge to the extent that it includes the added element of resultant bodily injury, are based upon and seek punishment for the same stabbing and the same injurious consequences to the same person.

*Id.* at 1254.

■ The charging information alleging attempted murder stated: [9]

> DAVID ERWIN GRAFE ... did attempt to commit the crime of MURDER, which is to knowingly kill another human being, to wit: CLARA HIRES, by engaging in conduct, to-wit: KNOWINGLY AND REPEATEDLY STRICKING (sic) CLARA HIRES ON AND ABOUT HER HEAD, by means of a deadly weapong (sic), to-wit: A GLASS BOWL, all of which is contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Indiana.

*Record* at 67. The charging information alleging confinement with regard to Hyres stated:

> David Grafe ... did knowingly and intentionally confine Clara Hyres without her consent by forcing her to remain at her residence ... while armed with a deadly weapon, to-wit: a glass bowl, which resulted in serious bodily injury to Clara Hyres.

*Id.* at 185.

The serious bodily injury to which the confinement information alluded resulted from the blows to Hyres's head. Those

9. The record of the trial submitted with this appeal does not contain any of the charging informations in this case. However, the trial court read the informations to the jury at the outset of trial. Inasmuch as neither Grafe nor the State dispute the contents of the charging informations in question, we will treat the transcript of the charging informations read to the jury as accurate reproductions of the originals.

blows constituted the substantial step element for the attempted murder charge. This conduct could not sustain both convictions. *See Channell*, 658 N.E.2d at 930 ("the evidence the State relied upon at trial to prove serious bodily injury ... resulted from the same conduct which the State relied upon to prove the substantial step element for attempted murder").

However, the charging information also alleged that the confinement was committed while Grafe was armed with a deadly weapon, *i.e.*, a glass bowl. This court has consistently held that it is not a violation of double jeopardy to elevate multiple offenses on the basis that they were committed while armed with a deadly weapon if the defendant was armed during the commission of each offense. *See, e.g., Carrington v. State*, 678 N.E.2d 1143 (Ind.Ct.App.1997), *trans. denied; Barker v. State*, 622 N.E.2d 1336 (Ind. Ct.App.1993), *trans. denied.* Hyers testified that Grafe was armed with the glass bowl when he committed the act that gave rise to the confinement conviction. Therefore, the elevation of the confinement conviction did not violate established double jeopardy principles because Grafe was armed with a deadly weapon when he committed the offense.

### 2.

Grafe contends that, as with the offenses committed against Hyres, the convictions relating to the attack upon H.M. violated double jeopardy principles because the same element was used to justify enhancing multiple convictions.

Grafe's argument upon this issue is essentially the same as the argument offered in support of Issue 1. The relevant principles of law are the same. We reiterate, the Indiana Constitution's Double Jeopardy Clause forbids a single act from providing the basis for one conviction and at the same time being used to elevate another conviction. *Bevill*, 472 N.E.2d 1247; *Valentin*, 685 N.E.2d 1100.

With regard to his attack upon H.M., Grafe was convicted of rape and two counts of criminal deviate conduct, all class A felonies, confinement as a class B felony, and battery as a class C felony. The charging information for battery stated:

> [Grafe] did knowingly touch [H.M.] in a rude, insolent or angry manner, to-wit: struck her on her head by means of a deadly weapon, to-wit: a glass bowl, which resulted in serious bodily injury to [H.M.], to-wit: unconsciousness.

*Record* at 185–86. The charging information for rape stated:

> [Grafe] did knowingly or intentionally, while armed with a deadly weapon, to wit: a glass bowl, have sexual intercourse with [H.M.], a member of the opposite sex while [H.M.] was compelled by force or imminent threat of force to submit to such sexual intercourse which resulted in serious bodily injury, to-wit: unconsciousness[.]

*Record* at 181–82. The charging informations for sexual deviate conduct stated:

> [Grafe] ... did knowingly and intentionally while armed with a deadly weapon, to-wit: a glass bowl, cause [H.M.] to perform or submit to deviate sexual conduct, an act involving the sex organ of [Grafe] and anus of [H.M.] by use of force, or imminent threat of force, which resulted in serious bodily injury, to wit: unconsciousness to [H.M.]

*Record* at 182.

> [Grafe] ... did knowingly or intentionally while armed with a deadly weapon, to-wit: a glass bowl, cause [H.M.] to perform or submit to deviate sexual conduct, an act involving the sex organ of [Grafe] and the mouth of [H.M.] by use of force or imminent threat of force, which resulted in serious bodily injury, to wit: unconsciousness to [H.M.]

*Record* at 182. The confinement charge relating to H.M. stated:

> David Grafe ... did knowingly and intentionally remove [H.M.] by force, fraud, enticement or threat of force from Clara Hyers' bedroom ... to H.M.'s bedroom ... while armed with a deadly weapon, to-wit: a glass bowl, which resulted in serious bodily injury to [H.M.]

*Record* at 184.

Evidence regarding the details of the attack upon H.M. consisted entirely of H.M.'s

testimony about the night in question. H.M. testified that Grafe struck her, and that the blow was delivered before he commenced the sexual attacks. Therefore, the rape, sexual deviate conduct, and confinement convictions could not be enhanced as a result of serious bodily injury because such was the same conduct which formed the basis for the C felony battery conviction.

The informations also alleged, however, that Grafe committed the sexual offenses against H.M. while armed with a deadly weapon. As noted previously, multiple convictions may be enhanced by virtue of the fact that they were committed while armed with a deadly weapon. *Bevill,* 472 N.E.2d 1247; *Channell,* 658 N.E.2d 925.

We acknowledge that H.M. did not testify that Grafe was armed with the bowl or a piece of the broken bowl[10] as he forced her from room to room and sexually assaulted her. However, "[t]o sustain a conviction for a Class A felony, it is not necessary that the weapon be held on the victim of a sex crime at all times." *Taylor v. State,* 438 N.E.2d 294, 296 (Ind.1982). In *Taylor,* the victim testified that the defendant threatened her with a knife while they were in an automobile, thereby forcing her into a house. Once inside, the defendant raped the victim. The defendant argued upon appeal that the trial court erred in convicting him of rape as a class A felony because the victim testified at trial that she did not see the weapon after she went inside the house. The court rejected the argument on grounds that the jury could reasonably infer that the defendant had been in control of the knife during the attack. We conclude that enhancement is justified on this basis if the weapon was sufficiently accessible to the defendant so as to exert a coercive influence upon the victim during the offenses in question. *See Deel v. State,* 265 Ind. 577, 357 N.E.2d 240 (1976).

Using the bowl, Grafe attacked Hyres in H.M.'s presence with such force as to cause injuries that could have proven fatal. Grafe then attacked H.M. with a blow that opened a cut large enough that it required seven stitches to close. In order to justify the enhancements, it was not necessary to prove that Grafe carried a piece of the bowl on his person throughout the attack. The fact that Grafe remained near Hyres's bedroom during the sexual attacks, coupled with the fact that Grafe could readily move H.M. into Hyres's bedroom at will, is sufficient to support a finding that the weapon was under Grafe's control and exerted a coercive influence upon H.M. throughout the attack. Therefore, the court did not err in entering enhanced convictions based upon the use of a deadly weapon.

### 3.

Grafe contends the evidence was insufficient to support the convictions. Specifically, Grafe contends (1) the evidence was insufficient to show that he confined Hyers beyond that which was necessary to accomplish the attempted murder conviction, and (2) the evidence was insufficient to show that he was armed with a deadly weapon after he initially struck H.M. on the head.

Applying our well-established standard of review, *see Horan v. State,* 682 N.E.2d 502 (Ind.1997), we conclude that Grafe's first argument in this respect is without merit.

Hyers testified that after Grafe struck her, thus completing the act which constituted the substantial step for the attempted murder charge, she attempted to arise from the bed and fight back with a cane. Grafe held her leg down as she attempted to kick him, after which he took the cane from her. In restraining Hyers in her bed, Grafe employed force beyond that inherent in the actions forming the basis of the attempted murder conviction. *See Tackett v. State,* 642 N.E.2d 978 (Ind.1994). Therefore, the evidence was sufficient to support a separate conviction for confinement.

We have already concluded in Issue 2 that the evidence was sufficient to support enhancement of the offenses committed against H.M. based upon the fact that Grafe was armed with a deadly weapon.

---

**10.** At some point during the attacks upon Hyres and H.M., the bowl broke into several large pieces. Photographs taken of the bowl after it shattered reveal that the relatively large, jagged pieces of the bowl would have, by themselves, constituted deadly weapons.

4.

Grafe contends that he received ineffective assistance of trial counsel and appellate counsel because they failed to present the double jeopardy arguments addressed previously in this opinion.

To prevail on a claim of ineffective assistance of counsel, a defendant must show deficient performance that prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Spranger v. State*, 650 N.E.2d 1117 (Ind. 1995). The failure to pose a meritless objection or present a meritless argument cannot constitute ineffective assistance because it does not result in prejudice to the defendant. *Stroud v. State*, 587 N.E.2d 1335 (Ind.Ct. App.1992), *trans. denied.*

We have concluded in Issues 1 and 2 that Grafe's convictions did not violate double jeopardy. Therefore, trial and appellate counsel did not render ineffective assistance in failing to argue the issue.

Judgment affirmed.

KIRSCH and ROBERTSON, JJ., concur.