ATTORNEY FOR APPELLANT ATTORNEYS FOR APPELLEE

Timothy L. Bookwalter Jeffrey A. Modisett

Greencastle, Indiana Attorney General of Indiana

Geoff Davis

Deputy Attorney General

Indianapolis, Indiana

In The

INDIANA SUPREME COURT

SAMUEL VALENTIN ) 

Defendant-Appellant, )

)

v. ) 49S02-9711-PC-628

)  

STATE OF INDIANA, )

Plaintiff-Appellee. )

____________________________________________

APPEAL FROM THE MARION SUPERIOR COURT

The Honorable Tonya Walton-Pratt, Judge

Cause No. CR-86-155A

_____________________________________________________________________

On Transfer from the Court of Appeals

DICKSON, J.

The defendant, Samuel Valentin, was convicted of robbery, conspiracy to kidnap,  kidnaping, felony murder in the commission of robbery, and felony murder in the commission of kidnaping arising from his involvement in a 1986 hijacking of a van and the kidnaping and killing of its driver.  The trial court merged the conviction for kidnaping with that for felony murder in the commission of kidnaping.  On direct appeal, this Court vacated the conviction for robbery as a class A felony and ordered that conviction and sentence be entered on the conviction as a class B felony, but otherwise affirmed the trial court.  
Valentin v. State
, 567 N.E.2d 792 (Ind. 1991).  After remand, the trial court entered sentences totaling 110 years.  In this appeal from the sentencing judgment, the defendant asserts a single claim: that the consecutive sentences imposed for the offenses of conspiracy to commit kidnaping and murder in the commission of kidnaping violate the Double Jeopardy Clause.  In a memorandum decision, the Court of Appeals vacated the conviction for conspiracy and the corresponding sentence, finding that it constituted double jeopardy.  The State sought rehearing based upon our intervening recent decisions in 
Games v. State
, 684 N.E.2d 466 (Ind. 1997), and 
Grinstead v. State
, 684 N.E.2d 482 (Ind. 1997).  Denying rehearing by opinion, the Court of Appeals conceded that the convictions would not violate the federal double jeopardy test acknowledged in 
Games
 and 
Grinstead
, but believed that precedent supported construing the double jeopardy provision of the Indiana Constitution to provide greater protection than its federal counterpart.  
Valentin v. State
, 685 N.E.2d 1100 (Ind.Ct.App. 1997).  The State seeks transfer, asserting in part that the opinion of the Court of Appeals misconstrues applicable precedent.  

Since our decisions in 
Games
 and 
Grinstead
 there has been considerable discussion by the Court of Appeals regarding the viability of the “manner in which the offenses are charged” test for double jeopardy claims.
(footnote: 1)  We grant transfer to address this question.

In 
Games
, we held that “this Court’s previous interpretation of the federal Double Jeopardy Clause--which looked beyond the statutory elements, adding the requirement that a reviewing court look to the offenses as charged or to the jury instructions outlining the elements of the crimes--does not comport with federal jurisprudence.”  
Games
, 684 N.E.2d at 474.  In this case, responding to the State’s petition for rehearing in light of 
Games
 and 
Grinstead
, the Court of Appeals determined that, as a matter of Indiana constitutional law, it still looks to the manner in which the offenses are charged.  
Valentin
, 685 N.E.2d at 1102.

The Court of Appeals opined that the defendant, by citing to 
Buie v. State
, 633 N.E.2d 250, 260 (Ind. 1994), “invoked the protections of the Indiana Constitution in his brief and through his reliance on Indiana case law,” 
Valentin
, 685 N.E.2d at 1102.  The court also relied upon 
Buie
 to conclude that “Indiana’s double jeopardy analysis goes beyond the simple comparison of statutes called for under federal jurisprudence . . . . ”  
Id.

We first note that the defendant in the present case expressly invoked 
only
 the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.  Brief of Petitioner-Appellant at 1, 5, 6.  The defendant’s brief does not provide a separate analysis of the state double jeopardy claim or argue why it provides protection different than the federal constitution.  Brief of Appellant at 11-12.  In the absence of any separate state constitutional law argument by defendant, the Court of Appeals should not have based its reversal of defendant’s conspiracy conviction on the Indiana double jeopardy clause.  
Buie
 is insufficient to support a claim of double jeopardy under the Indiana Constitution.  We leave for another day the question of whether double jeopardy claims under Article 1, Section 14 of the Indiana Constitution are entitled to an analysis separate and distinct from the federal constitution.  

Transfer is granted.  The trial court is affirmed.  

SHEPARD, C.J., and SULLIVAN, SELBY, and BOEHM, JJ., concur.

FOOTNOTES
1:
See
 
Richardson v. State
, 1997 WL 695358 (Ind.Ct.App. Nov. 7, 1997);  
Grafe v. State
, 1997 WL 656963 (Ind.Ct.App. Oct. 21, 1997),  
Thorpe v. State
, 1997 WL 656667 (Ind.Ct.App. Oct. 17, 1997);  
Valentin v. State
, 685 N.E.2d 1100 (Ind.Ct.App. 1997).