Kenneth FREEMAN, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00–8601–CR–74.

Supreme Court of Indiana.

July 20, 1987.

Daniel L. Bella, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal following conviction by a jury of the crime of robbery, a class B felony. The trial court imposed a sentence of twelve years.

There is one issue presented for review: whether there was sufficient evidence presented to support the jury verdict of guilty.

These are the facts from the record that tend to support the determination of guilt: On August 18, 1984, as Cheryl Tapley was returning to her place of employment with a bag of money after a trip to the bank, appellant drove up and stopped his car between Tapley and the rear door. He got out of the car holding a handgun pointed at the ground. Tapley held out the bag of money and appellant came up and grabbed it from her hand, then sped away in his car.

In support of the issue raised, appellant contends that the State failed to present sufficient evidence that the property was taken through the use of force or the threat of force.

I.C. § 35–42–5–1 provides:

"A person who knowingly or intentionally takes property from another person or from the presence of another person: (1) by using or threatening the use of force on any person; *or* (2) *by putting any person in fear;* commits robbery, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon...." [emphasis added]

The language of the charging information alleged that appellant knowingly or intentionally took the money bag and in the commission of the taking put the victim in fear all while armed with a deadly weapon.

Cheryl Tapley testified that "I gave him the money. I was scared. I saw the gun. I didn't know what he was going to do." From this testimony alone the jury could have reasonably concluded that appellant took the money from Tapley by putting her in fear.

In reviewing sufficiency claims we will not reweigh the evidence nor judge the credibility of the witnesses and will consider only that evidence most favorable to the State and all reasonable inferences therefrom. When there is substantial evidence of probative value to support the conviction, the verdict will not be disturbed. *Bowen v. State* (1985), Ind., 478 N.E.2d 44; *Henderson v. State* (1980), 273 Ind. 334, 403 N.E.2d 1088.

The State presented evidence that appellant placed himself and his car between Tapley and the door to the restaurant where she worked. The car then blocked the path she was walking. He then looked

at her, opened the car door and emerged, and turned toward her as she approached. He was holding a gun. The trier of fact could reasonably infer that Tapley was the object of his attention. Out of fear, Tapley held out the bag of money and appellant took several steps toward her and grabbed the bag. Appellant did not speak during the episode, however the trier of fact could reasonably infer that he communicated his felonious design by conduct. This evidence was more than ample to support the implicit finding in the verdict beyond a reasonable doubt that Tapley was put in fear by appellant's actions.

The conviction is affirmed.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.