Michael **BALLARD**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 45S00–8704–CR–414.

Supreme Court of Indiana.

June 30, 1989.

Marce Gonzalez, Appellate Div., Lake Superior Court, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant Ballard was charged and convicted in a trial by jury of attempted robbery while armed causing serious bodily injury to the victim, a Class A felony. I.C. 35–42–5–1; I.C. 35–41–5–1. The court handed down a sentence of thirty years imprisonment. I.C. 35–50–2–4. As grounds for reversal it is alleged in this appeal from that conviction that an error occurred in the admission of certain evidence and that there was insufficient evidence to sustain the verdict.

The proof tending to support the verdict of guilty discloses the following incidents. On January 6, 1986, a service station in Gary was entered by two men. Both wielded handguns. The first to enter held a gun which appeared to be nickel-plated. At the time, one Wendell Brown was visiting his

friend Joe Roy who was then working there. Brown was himself lawfully armed with two concealed handguns. The first man took Brown by the collar, put the gun to his head, and kept asking for money. He then pushed Brown to the floor and hit him in the head. The gunmen turned their attention to Roy. When they did so, Brown pulled his gun and fired up at the second gunman who was then standing right next to him, then swung on the first and fired twice, killing him. Gunfire was exchanged. Brown then fired again at the second gunman as he fled out of the station. Brown suffered a bullet wound.

The light in the back room was not on, but the room was dimly lit through the door from the front of the station. Roy observed the second gunman in this light for about a minute and was able to identify him as appellant Ballard from a set of police pictures and at trial. Brown was unable to identify him.

Gary police officers found Exhibit 9, a handgun, at the service station. It had a shiny, silvery finish. The gun was found under a desk in the back room next to the body of the dead gunman. Within minutes after arriving on the scene, the police found appellant a block away at the end of a trail of blood leading from the service station. Appellant had sustained two bullet wounds, one to the upper part of the leg and one to the lower back. The blood and wounds were fresh.

The first claim on appeal is that the trial court erred when overruling appellant's objection to the admission of Exhibit 9, a handgun. The objection urged the lack of relevance or materiality. Appellant argues that there was an insufficient authentication or identification of the exhibit.

 The actual weapons used by a defendant and his accomplices in committing an armed robbery are unquestionably relevant, material, and admissible in the prosecution of a case such as this where being armed is an element of the charged offense. *Elliott v. State* (1972), 258 Ind. 92, 279 N.E.2d 207. Being armed is a material fact which the weapon itself tends to prove. In order to be admissible, proof

that a particular exhibit is in fact an actual weapon wielded by a robber need not be positive, but may rest upon an inference from other evidence. *Wilson v. State* (1978), 268 Ind. 112, 374 N.E.2d 45. It has been held that a weapon is admissible upon testimony that it has similar characteristics to the weapon observed by eye witnesses, and is found with other items also sharing characteristics with items observed at the crime scene. *Hill v. State* (1979), 271 Ind. 549, 394 N.E.2d 132. At trial, Brown testified that one of the two gunmen carried a handgun which appeared to him to be nickel-plated. Exhibit 9 had a finish generally meeting that description, and it was found on the floor within inches of the upper part of the body of the dead gunman. A photograph of the back room of the station showed the body and its relation to the exhibit. There was no direct statement by any witness that the exhibit was or looked like the one used by the gunmen. However, there need not have been. For the purpose of demonstrating the relevance and materiality of the exhibit and thus its admissibility, the inference, based upon the similarity of the exhibit and the gun held by the robber and the proximity of the gun to his arm, that it was the weapon used by the dead robber was sufficient.

Appellant's second claim on appeal is that the evidence was insufficient to convict. Specifically he argues that the evidence serving to identify him as having been one of the gunmen, and to connect his conduct with the injury to Brown and his fear, was insufficient. In resolving this question, we do not weigh the evidence or judge questions of credibility, but look to the evidence and reasonable inferences therefrom which support the verdict. The conviction will be reversed if, from that viewpoint, substantial evidence of probative value from which a reasonable trier of fact could infer guilt beyond a reasonable doubt, is lacking. *Freeman v. State* (1987), Ind., 510 N.E.2d 1338.

 The State presented the testimony of Roy which identified appellant as one of the gunmen. Evidence of appellant's fresh wounds, the location of those wounds upon

his body, and the trail of blood from the crime scene to his location nearby had like value. The trier of fact could reasonably infer that appellant was one of the two gunmen. The short period of time and the conditions in which Roy viewed his assailants, as well as Brown's inability to identify appellant, provided a conflict in the evidence which was for the trier of fact to resolve.

The State presented the testimony of Brown that as he lay on the floor he was thinking "they was going to kill me." He also testified that he was shot in the right hip. Appellant did not speak, but the trier of fact could infer that he communicated his felonious design by conduct in wielding the gun and supporting his partner. The trier of fact could as well infer that Brown was put in fear and suffered injury by appellant's actions. The State was not required to prove which of the two gunmen fired the shot which struck Brown. It was sufficient that the jury could have reasonably inferred that one of them had. *Riley v. State* (1987), Ind., 506 N.E.2d 476.

The conviction is affirmed.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.