Jeffrey **WINFREY**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 49S00–8707–CR–698.

Supreme Court of Indiana.

Dec. 14, 1989.

L. Craig Turner, Boberschmidt, Miller, O'Bryan & Turner, P.A., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant Jeffrey Winfrey appeals from his convictions on four counts in Marion Superior Court: robbery, a Class A felony; confinement, a Class B felony; battery, a Class C felony; and theft, a Class D felony. Appellant was given the presumptive sentence for each crime and raises two issues here. He maintains that there was insuffi-cient evidence to support his convictions and that his sentence was manifestly un-reasonable.

In reviewing a claim that there was in-sufficient evidence to support a verdict, this Court does not reweigh the evidence nor judge the credibility of witnesses. We look only to the evidence most favorable to the verdict and any reasonable inferences drawn from it and will reverse only if there is not evidence of probative value substan-tial enough to support the conviction be-yond a reasonable doubt. *Freeman v. State* (1987), Ind., 510 N.E.2d 1338. The evidence most favorable to the verdict here indicates that appellant and Kenny Morris were in the apartment building of the vic-tim, Ray Stucker, on the evening of March 7, 1986. After Stucker went to get his mail, he was approached in the hallway outside his apartment by appellant and Morris who asked him for money so they could ride a bus home. Stucker gave them some change, and the two men followed him back into his apartment and sat down. The three shared some wine and appellant asked to use the bathroom. After appel-lant returned from the bathroom, Stucker went to his bedroom and noticed that a gold chain was missing from his dresser. He asked appellant to return it and reached for the phone. When he did so, appellant jumped up and pulled the cord out of the wall.

Stucker was dragged into his bedroom, bound and gagged, and tied to his bed. His television cable was tied around his neck and appellant began to choke him saying, "I'm going to kill you." Appellant then took out a handgun and struck Stuck-er repeatedly in the face, breaking his jaw. While he was tied to the bed, Stucker could hear people carrying his possessions out of the apartment and loading them onto a truck. A third person entered the room later and urinated on Stucker's head. The next day, Stucker was able to free himself, and he called the police. A considerable amount of his personal property had been taken. Appellant was identified in a photo lineup by Stucker and a neighbor who had seen appellant and Morris in the hallway

prior to the occurrence. The police went to the home of the appellant, who consented to a search. A number of Stucker's possessions were found there, including his television set. Appellant and Morris were later identified in two separate lineups at police headquarters by Stucker and his neighbor.

■ Appellant first contends that the evidence serving to identify him as one of those who committed these offenses was insufficient to support the jury verdict. He accurately points out that the victim Stucker was drinking at the time of the attack and had, shortly after the attack and prior to his identification of appellant for the police, picked out photographs of two other men, Jefferson and Quinn, as being his assailants. Upon these events, appellant bases his contention that the identification evidence was too weak. The victim's conduct in both respects was brought out in detail before the jury. The victim explained that he was hazy due to his injuries when he picked out Jefferson and Quinn and that he was certain when viewing appellant in a live lineup at the stationhouse. He testified that he had had only one drink with his attackers. In *Mayes v. State* (1984), Ind., 467 N.E.2d 1189, this Court concluded that the uncorroborated identification testimony given by a rape victim was sufficient on appeal, even though she had made a contradictory pretrial identification. Here the evidence is stronger than in *Mayes*, in that the testimony of the neighbor, while not describing the acts which went on in the victim's apartment, did place appellant in the building at the time of the crime. The evidence of drinking and the contradictory identification was for the trier of fact to consider in assessing weight and credibility and does not support this insufficiency claim.

■ The evidence also presented an ample basis from which a jury could have concluded to a certainty beyond a reasonable doubt that appellant had committed the crimes of Class A robbery, confinement, battery, and theft. A person commits the Class A felony version of robbery when he "knowingly or intentionally takes property from another person or from the presence of another person ... by using or threatening to use force on any person ... if it results in serious bodily injury to any person other than a defendant." I.C. 35–42–5–1. Appellant's presence in the apartment before the goods were stolen, coupled with his possession of the goods afterwards and Stucker's hearing his property being removed, was sufficient to support a conclusion that appellant knowingly or intentionally took Stucker's property. Serious bodily injury is injury that "creates a substantial risk of death or that causes serious permanent disfigurement, unconsciousness, extreme pain, or permanent or protracted loss or impairment of the function of a bodily member or organ." I.C. 35–41–1–25. A jury could have concluded beyond a reasonable doubt that a pistol whipping which results in a broken jaw causes extreme pain. Furthermore, there was testimony that since the crime occurred, Stucker has been impaired to the extent that he must use a wheelchair or a cane to ambulate.

Confinement is committed by one who "knowingly or intentionally ... confines another person without his consent," and it is a "Class B felony if it is committed while armed with a deadly weapon or results in serious bodily injury to another person." I.C. 35–42–3–3 (West 1986). There is no doubt here that Stucker was confined, and there was no evidence that he consented to such confinement. Serious bodily injury has been addressed above, and a gun is, inherently, a deadly weapon. A jury could have so concluded with the requisite certainty.

■ A person commits battery as a Class C felony when he "knowingly or intentionally touches another in a rude, insolent, or angry manner ... if it results in serious bodily injury to any other person." I.C. 35–42–2–1. A jury could have concluded beyond a reasonable doubt from the above evidence that appellant's pistol whipping and choking of Stucker, while saying "I'm going to kill you," was done knowingly and in a rude, angry or insolent manner.

If a person "knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use," that person commits the Class D felony of theft. I.C. 35-43-4-2. A jury could have concluded beyond a reasonable doubt that appellant took Stucker's personal property and that in doing so he was exerting unauthorized control over it. There was no evidence that Stucker authorized the removal of his goods. While appellant maintained that he had bought the items from Morris, this presented a question of credibility for the jury to resolve. We will not disturb their fact finding where the evidence is merely conflicting. *Freeman*, 510 N.E.2d 1338.

Substantial evidence existed to support all four charges against appellant.

Appellant also challenges his sentence as manifestly unreasonable. He argues that the judge imposed consecutive sentences of thirty years for robbery, ten years for confinement, five years for battery and two years for theft without setting forth the reasons for imposing consecutive sentences rather than concurrent ones. The State has joined appellant in battle on this issue; however, a review of the commitment order, the abstract of judgment, and the transcript of the sentencing hearing reveals that the trial court imposed concurrent sentences. Therefore, the issue before us does not exist.

Appellant also argues that the trial court failed to set forth his reasons when imposing the presumptive sentences for each crime and that therefore his sentence was manifestly unreasonable since the court found no aggravating or mitigating circumstances. The rule was stated by this Court in *Finch v. State* (1987), Ind., 510 N.E.2d 673, that a sentencing judge must articulate his reasons in sentencing only when he deviates from the statutory presumptive sentences. The sentencing court here was therefore not required to set forth any reasons in pronouncing sentence on appellant.

Aside from these allegations of error, it is apparent from the record that the robbery charge alleged that appellant did "take ... NUMEROUS PIECES OF PERSONAL PROPERTY, INCLUDING, BUT NOT LIMITED TO TWO (2) TELEVISIONS, A COMPONENT STEREO SYSTEM, AND A TELEPHONE," and the theft charge alleged that appellant did "exert unauthorized control over" items described in the same manner. The robbery charge also alleged that appellant did "while armed with a deadly weapon," take the victim's property "by using or threatening the use of force ... which resulted in serious bodily injury[,] A BROKEN JAW." The battery charge alleged that appellant "STRUCK [the victim] IN THE FACE, by means of ... A HANDGUN, which resulted in serious bodily injury[,] A BROKEN JAW." Under these allegations, the battery and theft convictions cannot stand in light of the conviction for robbery as a Class A felony. The theft is a lesser and included offense of the robbery. *Landers v. State* (1984), Ind., 464 N.E.2d 912. As between the two offenses of battery and robbery, there is more than a sharing of a common element or a substantial overlap in the proof required. The entire offense of battery formed an element of the robbery charge, through which element the robbery charge was elevated to the Class A level. Appellant cannot be twice punished for beating the victim with the handgun and breaking his jaw. *Ellis v. State* (1988), Ind., 528 N.E.2d 60; *Flowers v. State* (1985), Ind., 481 N.E.2d 100; *Bevill v. State* (1985), Ind., 472 N.E.2d 1247.

The convictions and sentences for robbery and confinement are affirmed. The convictions and sentences for theft and battery are ordered vacated.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.