**Gary D. THORPE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 52A05–9605–CR–190.

Court of Appeals of Indiana.

Oct. 17, 1997.

Brent Westerfeld, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION ON REHEARING

KIRSCH, Judge.

In a memorandum decision issued July 16, 1997, we held that principles of double jeopardy barred Thorpe's convictions for both attempted murder and burglary as a Class A felony because the charging informations based the crimes upon the same factual allegations, i.e., the infliction of the same injuries on the victim. As a result, we reversed Thorpe's burglary conviction and remanded the matter to the trial court with instructions that judgment of conviction be entered for burglary as a Class B felony.

The State seeks rehearing, claiming that the supreme court's decisions in *Games v. State,* 684 N.E.2d 466 (Ind.1997) and *Grinstead v. State,* 684 N.E.2d 482 (Ind.1997), decided six days after our opinion, preclude a reduction in Thorpe's burglary conviction on double jeopardy grounds. Thorpe responds that the reduction in his burglary conviction

should stand because he advanced a state constitutional claim, the validity of which remains after the *Games* and *Grinstead* opinions because those decisions were limited to federal constitutional principles.

In a footnote, the supreme court in *Games* commented on the defendant's state constitutional claim:

"In presenting the general claim that his sentences violate the double jeopardy provisions of the Indiana and United States Constitutions, the defendant cites both constitutions. However, the defendant does not provide Indiana authority, and we find none from this Court, establishing an independent state double jeopardy protection based upon an analysis of the Indiana Constitution. Of the cases cited by the defendant in support of his double jeopardy argument, only *Bevill v. State*, 472 N.E.2d 1247 (Ind.1985) [also cited by Thorpe here] mentions the Indiana Constitution. However, the mention in *Bevill* is only a recitation of *the defendant's* claim that it violated the Indiana Constitution. *Bevill* resolves the claim utilizing an analysis based upon the federal provision. The defendant presents no argument urging that the Indiana Constitution provides double jeopardy protections different from those under the federal constitution. Because the defendant fails to present an argument based upon a *separate analysis* of the Indiana Constitution, 'we will only analyze this under federal double jeopardy standards.' *Gregory–Bey v. State*, 669 N.E.2d 154, 157 n. 8 (Ind.1996)."

684 N.E.2d at 473 n. 7 (additional citations omitted).

The supreme court based its decision to ignore the state constitutional issue upon the defendant's failure to argue that the Indiana Constitution required a separate analysis of the double jeopardy claim. There was no reason, however, for a defendant to advance a separate analysis under the state constitution's double jeopardy clause because prior to the *Games* decision, double jeopardy claims brought under the state constitution were analyzed conjointly with double jeopardy claims brought under the federal constitution. *See Neal v. State*, 659 N.E.2d 122, 124–

25 (Ind.1995); *Buie v. State*, 633 N.E.2d 250, 260–61 (Ind.1994). *See also Chiesi v. State*, 644 N.E.2d 104, 106–07 (Ind.1994) (citing Indiana Constitution, not federal constitution, and applying *Blockburger* test to charging informations and proof at trial).

■ Defendants now have a reason to argue that double jeopardy claims under the state constitution should be analyzed differently than their federal counterpart because of the change in the analysis of federal double jeopardy claims brought about by *United States v. Dixon*, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), as interpreted and made binding by our supreme court in *Games.* Despite such a change in federal constitutional jurisprudence, the majority opinion in *Games* "makes no change in Indiana constitutional or statutory law in this regard and so the precedential value of our earlier cases is not affected." *Games*, 684 N.E.2d at 481–81 (Sullivan, J., concurring).

■ Here, Thorpe adequately asserted a state constitutional claim. In his appellate brief, he referred to his state constitutional right, specifically cited to the applicable provision of the state constitution, and cited to case law which analyzed coterminously double jeopardy claims brought under both the state and federal constitutions. *Appellant's Brief* at 23–24 (citing *Flowers v. State*, 481 N.E.2d 100 (Ind.1985); *Bevill v. State*, 472 N.E.2d 1247 (Ind.1985); *Channell v. State*, 658 N.E.2d 925 (Ind.Ct.App.1995) *trans. denied* (1996); *England v. State*, 625 N.E.2d 1264 (Ind.Ct.App.1993), *trans. denied* (1994)). Nothing more was required.

■ The supreme court's footnote 7 noting that the defendant did not advance a separate state constitutional analysis, together with the concurring opinion noting that the majority opinion made no change in state constitutional law, can only mean that the erosion of the double jeopardy protections under the federal constitution did not result in a similar reduction in double jeopardy protections under the state constitution. For this reason we hold, as in our recent decision of *Valentin v. State*, 685 N.E.2d 1100 (Ind.Ct. App.1997), that the double jeopardy protection afforded to Indiana citizens under our

state constitution remains unchanged. Because the informations charging Thorpe with attempted murder and burglary as a Class A felony are based upon infliction of the same injuries on the victim, state double jeopardy principles demand that Thorpe's burglary conviction be reduced to a Class B felony.

The State's petition for rehearing is denied.

FRIEDLANDER, J., concurs.

CHEZEM, J., concurs in result.