Robert **RICHARDSON**, II,
Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 67A01–9705–CR–143.

Court of Appeals of Indiana.

Nov. 7, 1997.

---

Susan K. Carpenter, Public Defender, Gregory L. Lewis, Deputy Public Defender, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Robert Richardson, II was convicted of Robbery, as a Class C felony, and Battery, as a Class A misdemeanor. He received an enhanced sentence of eight years for the robbery conviction and the maximum sentence of one year for the battery conviction. The trial court ordered the sentences to be served consecutively for a total term of nine years. The sole issue presented for review is whether Richardson's convictions for both robbery and battery violate the double jeopardy clause of the Indiana Constitution.

We affirm.

### FACTS

Around midnight on August 30, 1996, Jeff Koenig attended a small gathering in the VanBibber Lake area near Greencastle. People there were drinking, smoking marijuana, and taking LSD. During the course of the party, it became known that Koenig carried a substantial amount of cash with him.[1]

Richardson and Vivian Crouch were also in attendance. Richardson told Crouch that "he was going to take [Koenig] and beat him up and take his money." Later, Koenig left the party with Richardson and two other men allegedly to go to another party in Indianapolis.

The four men traveled into the country where they parked on a steel girder bridge next to a cornfield to urinate. As they stepped out of the car, someone hit Koenig on the back of the head with a beer bottle. The men then kicked and beat Koenig. After the initial beating, they dragged Koenig to the side of the bridge, removed his wallet from his pants pocket and pushed him over the side onto the bank, a few feet below. As Koenig stood up, he was able to see the men in the beam of the car's headlights counting his money. Koenig yelled that the men would not get away with beating and robbing him. After hearing what he believed to be gunshots, Koenig ran into the nearby cornfield for safety.

Richardson and the two others returned to the car and left. Koenig eventually found his way to the Putnamville Correctional Facility. Guards there called the State Police. The responding officer testified that Koenig was bloody and had a bump on the back of his head.

Meanwhile, Richardson and the other two men returned to the party where they bragged about having beaten Koenig and having taken his money. Witnesses saw blood on Richardson and on at least one of the other two men. Richardson was later convicted of robbery and battery.

### DISCUSSION AND DECISION

Richardson contends that his convictions for both robbery and battery violate Article 1, § 14 of the Indiana Constitution which states, "No person shall be put in jeopardy twice for the same offense." Specifically, Richardson argues that his convictions amount to multiple punishments for the same offense because the same facts relied upon to prove the force in the robbery were used to prove the battery. Richardson concedes that his claim would fail under a federal double jeopardy analysis.[2] However, he asserts that Indiana utilizes its own analysis to interpret

---

1. Koenig claims to have had $753.00 at the time he was robbed. Accounts by other witnesses vary from $500.00 to $1000.00. Richardson was charged with taking $700.00 from Koenig.

2. Federal double jeopardy analysis utilizes the *Blockburger* test which provides:

[T]hat where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact the other does not. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 307 (1932).

the Indiana double jeopardy clause which, he alleges, yields a different result. We disagree.

■ Our supreme court has not yet decided this issue. The court recently held that when an Indiana court is presented with a federal double jeopardy claim, it must apply the federal standard as articulated in *United States v. Dixon*, 509 U.S. 688, 704, 113 S.Ct. 2849, 2860, 125 L.Ed.2d 556, 573 (1993), namely, that "the 'same elements' test requires that we look only to the statutory elements of the offenses, not to the charging information, the jury instructions outlining the elements of the crime, or the underlying proof needed to establish the elements."[3] *Games v. State*, 684 N.E.2d 466, 477 (Ind. 1997); *see also Grinstead v. State*, 684 N.E.2d 482, 486 (Ind.1997) (review of multiple punishments under federal law requires we look only to the relevant statutes and no further). In *Carter v. State*, 686 N.E.2d 834 (Ind.1997), issued just prior to this opinion, our supreme court followed *Games* and *Grinstead* in rejecting a federal double jeopardy claim. No state double jeopardy claim was presented in *Grinstead* or *Carter* and the Court declined to address the issue in *Games*. Neither *Games*, *Grinstead*, nor *Carter* was decided on a state double jeopardy claim. Nevertheless, both the majority and concurring opinions in *Games* and *Carter* discuss the Indiana Constitution.

However, two panels of this court have squarely addressed state double jeopardy claims in opinions issued on rehearing. In *Valentin v. State*, 685 N.E.2d 1100 (Ind.Ct. App.1997) *trans. reversed* (issue not properly before Court of Appeals), one majority panel held that the Indiana Constitution requires more than the federal inquiry into the statutory elements of the offenses and concluded that we must also determine whether the same act constitutes the factual basis for both offenses. *Id.* 685 N.E.2d at 1101–02. Again, in *Thorpe v. State*, 686 N.E.2d 1296 (Ind.Ct.App.1997) *trans. reversed* (issue not properly before Court of Appeals), another majority panel utilized the same two-prong analysis and held that the double jeopardy clause of the Indiana Constitution was violated where the informations were based on the same injuries to the victim. *Id.* 4, at 1298.

The majority opinions in both *Valentin* and *Thorpe* rely on a footnote in *Games* which states:

In presenting the general claim that his sentences violate the double jeopardy provisions of the Indiana and United States Constitutions, the defendant cites both constitutions. However, the defendant does not provide Indiana authority, and we find none from this Court, establishing an independent state double jeopardy protection based upon an analysis of the Indiana Constitution. Of the cases cited by the defendant in support of his double jeopardy argument, only *Bevill v. State*, 472 N.E.2d 1247 (Ind.1985) mentions the Indiana Constitution. However the mention in *Bevill* is only a recitation of *the defendant's* claim that it violated the Indiana Constitution. *Bevill* resolves the claim utilizing an analysis based upon the federal provision. The defendant presents no argument urging that the Indiana Constitution provides double jeopardy protections different from those under the federal constitution. Because the defendant fails to present an argument based upon a *separate analysis* of the Indiana Constitution, "we will only analyze this under federal double jeopardy standards." *Grego-*

---

**3.** *United States v. Dixon* is the Supreme Court's most recent interpretation of *Blockburger*. After *Blockburger* was decided the federal courts went through a period of disagreement regarding its correct interpretation. During that time, some courts added a "second prong" to the *Blockburger* test and examined not only the elements of the offenses charged but also the underlying factual basis for the crimes. *See Morris v. Mathews*, 475 U.S. 237, 106 S.Ct. 1032, 89 L.Ed.2d 187 (1986); *Thigpen v. Roberts*, 468 U.S. 27, 104 S.Ct. 2916, 82 L.Ed.2d 23 (1984); *Illinois v.*

*Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *Mars v. Mounts*, 895 F.2d 1348 (11th Cir.1990); *United States v. Cardall*, 885 F.2d 656 (10th Cir.1989). In *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), the United States Supreme Court officially sanctioned this "second prong." However, in *Dixon* the Court quickly overruled *Grady* and returned to the original *Blockburger* test which requires the court to look only at the statutory elements of the offenses.

*ry–Bey v. State,* 669 N.E.2d 154, 157 n. 8 (Ind.1996).

*Games,* 684 N.E.2d at 473 n. 7 (citations omitted) (emphasis in original). This footnote has generated confusion. While some language in the footnote intimates that Indiana does not have a separate double jeopardy standard, other language suggests that it does.[4] Although *Carter* did not present a state constitutional claim, the court reiterated its observation in *Games* that it could find no supreme court authority establishing independent state double jeopardy protection based on Article 1, Section 14 of the Indiana Constitution. *Carter,* at 837. *But see* Sullivan, J., concurring in result, (separate and distinct double jeopardy analysis required under Indiana Constitution). *Id.* at 840. Like the majority in *Games* and *Carter,* we can find no Indiana authority from our supreme court which establishes an independent state double jeopardy protection based upon an analysis of the Indiana Constitution. *See id.* We disagree with both *Valentin* and *Thorpe* and conclude that consideration of double jeopardy claims under Article 1, § 14 of the Indiana Constitution does not require a separate inquiry.

We are, of course, bound by United States Supreme Court precedent when confronted with a federal double jeopardy claim, but we may interpret double jeopardy claims under the Indiana constitution differently. *See Games,* 684 N.E.2d at 477 (a state is free to impose greater restrictions as a matter of its own law). Before the Double Jeopardy Clause of the Fifth Amendment was made applicable to the states through the Fourteenth Amendment in *Benton v. Maryland,* 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707, 716 (1969), Indiana's double jeopardy standard focused on "the difference or lack of difference in the evidence necessary to establish one particular crime as compared with that required to establish the other crime." *Dunkle v. State,* 241 Ind. 548, 551, 173 N.E.2d 657, 658 (1961). The *Dunkle*

formula, known as the "identity of offense" or "same evidence" test, was used to analyze double jeopardy claims under the state constitution. *Elmore v. State,* 269 Ind. 532, 536, 382 N.E.2d 893, 896 (1978).

Our supreme court has explicitly acknowledged the similarity between the federal "same offense" test established in *Blockburger* and the Indiana "identity of offense" test. *Id.* at 537, 382 N.E.2d at 896. Both tests focus on the statutory elements of the crimes charged. *Compare Iannelli v. United States,* 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1294 n. 17, 43 L.Ed.2d 616, 627 n. 17 (1975) (statutory elements of the crimes charged, not the substantial overlap in the proof offered to establish those crimes, are the focus of the test) with *Elmore,* 269 Ind. at 537, 382 N.E.2d at 897 (ultimate focus on identity of offenses and not on whether the offenses spring from the same act or operative circumstances). Thus, both state and federal inquiries focus on the offenses rather than on the underlying act.

In *Elmore,* our supreme court emphasized the need to maintain consistency between Indiana and federal double jeopardy standards:

> [U]ntil recently, our method of analysis in cases involving multiple count offenders closely paralleled the methodology employed by federal courts for protecting Fifth Amendment guarantees. Now that we are bound by the federal Double Jeopardy Clause, *it is more necessary than ever that we be in line with federal standards.*

*Elmore,* 269 Ind. at 537, 382 N.E.2d at 896 (emphasis added). This declaration manifests a deliberate choice to interpret the Indiana double jeopardy clause in the same manner as the federal double jeopardy clause. No Indiana Supreme Court case since *Elmore* has held otherwise.

In deciding the issue presented, we find it helpful to consider the test found in *Michigan v. Long,* 463 U.S. 1032, 103 S.Ct. 3469,

---

**4.** Compare the language "defendant does not provide Indiana authority, and *we find none from this Court,* establishing an independent state double jeopardy protection based on an analysis of the Indiana Constitution" with "because defen-

dant fails to present an argument based upon a *separate analysis* of the Indiana Constitution, 'we will only analyze this under federal double jeopardy standards.'" *Games,* 684 N.E.2d at 473 n. 7 (emphasis added).

77 L.Ed.2d 1201 (1982), which the United States Supreme Court utilizes to determine whether a case has been decided as a matter of state or federal law. When a state court's holding appears to rest primarily on federal law, or to be interwoven with federal law, the Court will accept as the most reasonable explanation that the state court decided the case the way it did because it believed federal law required it to do so. *Id.* at 1040–1041, 103 S.Ct. at 3476, 77 L.Ed.2d at 1214. The test will be utilized only "when it is not clear from the opinion itself that the state court relied upon an adequate and independent state ground" for its decision. *Id.* at 1042, 103 S.Ct. at 3477, 77 L.Ed.2d at 1215. While rooted in federalism, and used in a different context, the test established in *Michigan v. Long* is also useful in deciding the issue before us. As shown below, Indiana double jeopardy cases rest primarily on federal law because one analysis, usually with citations only to federal authority, has sufficed to resolve both the federal and state claims.

In an attempt to demonstrate that Indiana has adopted an independent double jeopardy standard, Richardson directs us to a line of Indiana cases that were decided by examining both the statutory elements and the underlying factual basis. *See Wethington v. State,* 560 N.E.2d 496, 506–507 (Ind.1990); *Winfrey v. State,* 547 N.E.2d 272 (Ind.1989); *Tawney v. State,* 439 N.E.2d 582, 587 (Ind. 1982); *McFarland v. State,* 179 Ind.App. 143, 152–153, 384 N.E.2d 1104, 1111 (1979). Contrary to Richardson's argument, these cases do not clearly present a state double jeopardy claim. With the exception of *Winfrey,* which cites no authority, all of these cases rely on the interpretation of *Blockburger* that required the court to look at either the information, the jury instructions or the underlying proof needed to establish the elements to determine whether double jeopardy had been violated. *See Wethington,* 560 N.E.2d at 506–507; *Winfrey,* 547 N.E.2d at 272; *Tawney,* 439 N.E.2d at 587; *McFarland,* 179 Ind.App. at 152–153, 384 N.E.2d at 1111. From our reading of these cases we conclude that Indiana has not adopted its own stan-

dard based on an independent interpretation of the double jeopardy clause of the Indiana Constitution. Rather, these cases reflect Indiana's continued policy to utilize the same method of inquiry in considering both state and federal double jeopardy claims and merely illustrate our courts' attempts to track the sometimes confusing course of federal double jeopardy jurisprudence, which first expanded and later contracted the *Blockburger* test. *See* discussion *supra* note 2.

Richardson also points us to *Shipley v. State,* 620 N.E.2d 710, 717 (Ind.Ct.App.1993), as authority that Indiana has developed its own double jeopardy standard under the state constitution that requires the court to examine the factual basis alleged in the information. However, *Shipley* mistakenly relies on *Tawney,* 439 N.E.2d at 587, and *Hall v. State,* 493 N.E.2d 433, 435 (Ind.1986) for that proposition. Both *Tawney* and *Hall* were based on the now-defunct interpretation of the *Blockburger* test which required the court to examine the factual basis contained in the information. *See Tawney,* 439 N.E.2d at 587;[5] *see also Hall,* 493 N.E.2d at 435. As there is no clear statement in either case that the decision rested on state constitutional grounds, we assume both cases were decided on federal grounds. *See Long,* 463 U.S. at 1040–1041, 103 S.Ct. at 3476, 77 L.Ed.2d at 1214. In sum, the authority relied upon in *Shipley* does not support the statement that in Indiana "we must also look to the manner in which the offenses are charged and not merely the statutory definitions of the offenses." *Shipley,* 620 N.E.2d at 717 n. 2.

Our review of Indiana case law confirms that, since *Elmore,* double jeopardy claims in Indiana have been decided by reliance on federal cases with no clear statement that they were decided on independent state law grounds. *See Thorpe,* 686 N.E.2d at 1297 (describes double jeopardy cases as decided "coterminously" or "conjointly" under the Indiana and federal constitutions). Following our Supreme Court's declaration in *El-*

---

**5.** The Indiana Supreme Court's recent decision in *Carter v. State* specifically states that "the

*Tawney* court attributed [its] analysis to the test found in *Blockburger." Carter,* at 837.

*more* that Indiana's analysis should remain consistent with federal double jeopardy methodology, we conclude that the proper inquiry into alleged violations of the double jeopardy clause under the Indiana Constitution is essentially the same as that under the federal constitution.

■ In the present case, Richardson was convicted of robbery, as a Class C felony, and battery, as a Class A misdemeanor. Robbery, as Class C felony, is defined as:

A person who knowingly or intentionally takes property from another person or from the presence of another person: (1) by using or threatening the use of force on any person; or (2) by putting any person in fear; commits robbery, a Class C felony.

IND.CODE § 35–42–5–1. Battery, as a Class A misdemeanor, is defined as:

A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor. However, the offense is: (1) a Class A misdemeanor if it results in bodily injury to any other person....

IND.CODE § 35–42–2–1(a). Under both state and federal double jeopardy analysis, each statute requires proof of an element not found in the other. Specifically, robbery requires proof of an element that battery does not, i.e., the taking of another's property. Battery requires proof of an element that robbery does not, i.e., the touching of another person in a rude, insolent or angry manner. Therefore, we hold that Richardson's convictions for both robbery and battery do not violate the double jeopardy clause of the Indiana Constitution.[6]

Affirmed.

ROBERTSON and HOFFMAN, JJ., concur.

---

**6.** Richardson has waived his claim to battery as a lesser included offense under Indiana Code § 35–41–1–16 as it was only mentioned in his reply brief in violation of Indiana Appellate Rule 8.3(C) which states: "the appellant may file a brief in *reply to the brief of the appellee.*" (Emphasis added); *see Ross v. State,* 429 N.E.2d 942, 945 (Ind.1982) (defendant waives issues presented for first time in reply brief). We express no opinion as to whether this claim would have been successful. The State did not raise the issue in its brief, nor did Richardson provide cogent argument in his brief pursuant to Indiana Appellate Rule 8.3(A).