Gary D. THORPE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 52S05–9712–CR–679.

Supreme Court of Indiana.

Dec. 22, 1997.

Brent Westerfeld, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## ON PETITION TO TRANSFER

PER CURIAM.

Gary Thorpe appeals his convictions for Attempted Murder, a Class A felony, Aggravated Battery, a Class B felony, and Burglary, a Class A felony. The Court of Appeals issued an unpublished memorandum decision in this appeal on July 16, 1997. The State sought rehearing. The Court of Appeals then issued a published opinion denying rehearing. *Thorpe v. State,* 686 N.E.2d 1296 (Ind.Ct.App.1997). Both the State and appellant Thorpe filed petitions to transfer jurisdiction to this Court.

Appellant raised five issues in his appeal. In reviewing his contentions, the Court of Appeals held that some of the allegations of error had not been preserved for appellate review because the appellant failed to make a contemporaneous objection or because of similar omissions. The Court of Appeals held that review of these issues had been waived. However, because the Court of Appeals did not explain why these allegations of error did not constitute "fundamental error," the appellant argues as grounds for transfer that the Court of Appeals thus failed to give a statement in writing on each substantial question arising in the record and argued by the parties. *See* Ind. Appellate Rule 11(B)(2)(e). Appellant is wrong. A finding by the Court of Appeals of failure to preserve an issue for review constitutes a statement in writing as contemplated by Appellate Rule 11(B)(2)(e), notwithstanding any claim of "fundamental error." The appellant's petition to transfer is accordingly denied.

As for the issues raised in the State's petition, we grant transfer, thereby vacating the opinions of the Court of Appeals. App.R. 11(B)(3). We remand this appeal to the Court of Appeals for reconsideration in light of our recent opinion in *Valentin v. State,* 688 N.E.2d 412 (Ind.1997).

All Justices concur.