Jeremiah **JENKINS**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 45A03–9705–CR–148.

Court of Appeals of Indiana.

May 28, 1998.

Mark A. Bates, Appellate Public Defender, Lake Superior Court, Crown Point, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Rosemary L. Borek, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

### OPINION

RILEY, Judge.

#### STATEMENT OF THE CASE

Defendant–Appellant Jeremiah Jenkins (Jenkins) appeals his conviction of robbery, a Class B felony;[1] carjacking, a Class B felony,[2] and confinement, a Class B felony.[3]

We affirm in part and reverse in part.

#### ISSUES

Jenkins presents two issues for our review, which we restate and consolidate as follows:

1. Whether the trial court erred in refusing to grant a mistrial predicated on prosecutorial misconduct, and

2. Whether Jenkins was subjected to double jeopardy.

#### FACTS AND PROCEDURAL HISTORY

The facts most favorable to the verdict follow. On February 2, 1996, Joanne McDonald (McDonald) was returning home by car. When she exited the car she was met by Jenkins who pointed a gun in her face and ordered her back into the car. McDonald complied and placed the key back into the ignition as Jenkins requested. Jenkins then drove the car around for awhile before he let McDonald out of the car. When she exited the car, she asked Jenkins for her purse back; he refused to return it to her.

Jenkins was charged by information on February 7, 1996. The jury convicted him of all three charges on December 18, 1996. On January 9, 1997, Jenkins was sentenced to eight years in the Indiana Department of Correction on each count, to be served concurrently. Jenkins now brings this timely appeal. Additional facts are provided as needed.

1. Ind.Code 35–42–5–1.

2. Ind.Code 35–42–5–2.

#### DISCUSSION AND DECISION

##### I. Prosecutorial Misconduct

■ First, Jenkins challenges the verdict by alleging prosecutorial misconduct. In reviewing a claim of prosecutorial misconduct, we must go through a two part analysis. We must determine: (1) whether the prosecutor committed misconduct, and (2) whether the misconduct, given the circumstances, placed Jenkins in a position of grave peril to which he should not have been subjected. *Turnbow v. State,* 637 N.E.2d 1329, 1333 (Ind.Ct.App.1994), *trans. denied.* "The gravity of the peril is determined by considering the probable persuasive effect of the misconduct on the jury's decision, rather than the degree of the impropriety of the conduct." *Robinson v. State,* 693 N.E.2d 548, 551 (Ind. 1998) (quoting *Willoughby v. State,* 660 N.E.2d 570, 582 (Ind.1996)).

■ The conduct at issue here is a comment that the prosecutor made during closing arguments. The prosecutor stated:

If you can't get somebody from your family to come in and say you were with them, you're not trying very hard.... If you notice though who didn't come, they didn't bring Timothy. They didn't want you to see Timothy. They didn't want you to see that he fit the description of the second person who tried to help carjack ...

(R. 368). Jenkins's attorney objected and moved for a mistrial on the grounds that the comment impermissibly shifted the burden of proof to Jenkins to put on evidence. The trial court overruled the objection but admonished the jury anyway. (R. 369–370).

Most law on this subject arises around conduct of a prosecutor who may comment on a defendant's right to testify. However, here the problem is not an impermissible comment on Jenkins's failure to testify, but on Jenkins's failure to call his brother to testify. We find this case analogous to *Chubb v. State* where the defendant alleged that the prosecutor committed misconduct by improperly shifting the burden of proof from the State to the defendant by statements

3. Ind.Code 35–42–3–3.

made during closing argument asking where the defendant's witnesses were. 640 N.E.2d 44, 48–49 (Ind.1994), *reh'g denied.* Our supreme court held that any impropriety in the closing argument was de minimis and overcome by the court's proper preliminary and final instructions, instructing that the defendant was not required to present any evidence or prove his innocence. *Id.*

Here, the jury was given preliminary instructions covering the State's burden of proof, the presumption of innocence, that the defendant is not required to present any evidence, that the jury is to weigh the credibility of the evidence, that nothing the judge says during trial should be taken as a suggestion of what facts to find, and that although the attorneys are allowed to characterize evidence during closing arguments such characterization is not evidence. (R. 34, 35, 41, 46). The prosecutor then asked, during closing arguments, where a particular witness was, to which Jenkins objected. In the final instructions the court reiterated the concepts discussed in the preliminary instructions. (R. 50, 51, 60, 62, 65). As in *Chubb,* we find that any impropriety in the prosecutor's comment was de minimis in light of the preliminary and final instructions given the jury.

## II. Double Jeopardy

■■ Jenkins next contends that his conviction of both robbery and carjacking subject him to double jeopardy in violation of his constitutional rights. Both the Indiana Constitution and Constitution of the United States contain prohibitions against placing a defendant in double jeopardy for the same offense. Ind. Const. art. 1, § 14; U.S. Const. amend. V. The prohibition against double jeopardy in both constitutions is meant to prevent a second prosecution for the same offense after acquittal or conviction and to prevent multiple punishments for the same offense. *Schrefler v. State,* 660 N.E.2d 585, 587 (Ind.Ct.App.1996). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact the other does not." *Richardson v. State,* 687 N.E.2d 241, 246, n. 2 (Ind.Ct.App.1997),

*trans. pending* (quoting *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 307 (1932)).

■ Carjacking is codified as follows: "[a] person who knowingly or intentionally takes a motor vehicle from another person or from the presence of another person; (1) by using or threatening the use of force on any person; or (2) by putting any person in fear; commits carjacking, a Class B felony." Ind. Code 35–42–5–2. While robbery is defined as "[a] person who knowingly or intentionally takes property from another person or from the presence of another person: (1) by using or threatening the use of force on any person; or (2) by putting any person in fear." Ind.Code 35–42–5–1. The crime of robbery becomes a Class B felony if it is committed while armed with a deadly weapon. *Id.* Because a motor vehicle is "property," all of the elements of carjacking are covered by the robbery charge; carjacking does not require proof of an additional fact not required by the crime of robbery. Therefore, convicting Jenkins for carjacking and robbery of the same car is clearly a violation of the constitutional prohibition against double jeopardy.

■■ The information charging Jenkins with robbery bases that charge not only on the automobile, but also on the fact that Jenkins took McDonald's purse and its contents. (R. 7). Therefore, the next question is whether both convictions can be sustained due to the fact that they are based on different property, the robbery charge also including the purse. The most recent double jeopardy case law makes it clear that we are only to look at the elements of the offense, and not at the charge, jury instructions, or underlying proof needed to establish the elements. *Potter v. State,* 684 N.E.2d 1127, 1136 (Ind. 1997); *Games v. State,* 684 N.E.2d 466, 473– 77 (Ind.1997), *modified,* 690 N.E.2d 211 (Ind. 1997); *Richardson,* 687 N.E.2d at 243–46. Based on this limited analysis, the robbery of the purse does not distinguish the two crimes; in both crimes a motor vehicle was taken from another by using or threatening the use of force or by placing the other person in fear. Ind.Code 35–42–5–1, 2. The fact that the purse was also involved does not change the fact that all of the elements of carjacking are found within the robbery charge.

The State contends that the purse was taken at a later time and different place and that therefore they are separate robberies, making the robbery conviction sustainable on grounds independent from the robbery of the car. The State's brief then goes into a discussion on whether the car and purse robbery constitute a single larceny.[4] Jenkins could have been charged with robbery of the purse based on Jenkins taking the purse when he took the car or based on Jenkins taking the purse later, when McDonald asked for it back. The State argues that the purse was not taken until later, after Jenkins drove the car to another location. If the larceny of the purse were charged as a second separate offense from robbery of the car, there would be no double jeopardy problem with robbery of the purse and car jacking. However, if the larceny of the purse was deemed to have occurred at the point the car was stolen and the State charged Jenkins with two separate robbery charges, the two robbery convictions would have been in violation of double jeopardy rules pursuant to the single larceny rule. The State charged the car and purse robbery as one charge, not as two, indicating that this was viewed as single larceny. Therefore, the inclusion of the purse does not circumvent the double jeopardy violation of convicting Jenkins of robbery of the car and carjacking.

### CONCLUSION

The trial court did not err in denying Jenkins motion for a mistrial based on prosecutorial misconduct. However, Jenkins was improperly subjected to double jeopardy by his convictions of both robbery and carjacking. Therefore, we reverse the conviction and sentence for the carjacking charge.

Affirmed in part, reversed in part.

BAILEY and NAJAM, JJ., concur.

---

4. "[W]hen several articles of property are taken at the same time, from the same place, belonging to the same person or to several persons there is but a single 'larceny', i.e. a single offense. The rationale behind this rule is that the taking of several articles at the same time from the same place is pursuant to a single intent and design." *Raines v. State,* 514 N.E.2d 298, 300 (Ind.1987) (holding theft of truck and scuba diving equipment within truck constitute one offense).