**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 09 2013, 9:25 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TRANELL NASH, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1210-PC-874 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Sheila A. Carlisle, Judge
Cause No. 49G03-0312-PC-224922

**August 9, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Tranell Nash appeals the denial of his petition for post-conviction relief ("PCR petition"), which challenged his conviction for Class A felony attempted robbery. We affirm.

**Issue**

The sole issue before us is whether the post-conviction court properly concluded that Nash did not receive ineffective assistance of trial counsel.

**Facts**

We described the facts of this case in Nash's direct appeal as follows:

> On November 21, 2003, Antoinette Quarles ("Antoinette") and her brother Anthony Quarles ("Anthony") were outside the Family Dollar Store at 34[th] Street and Moller Road in Indianapolis when they saw two black males run up to a white Pontiac Grand Am in the parking lot. Antoinette and Anthony recognized one of the men as Ronald Brooks ("Brooks"). The second man was later identified as Nash.

> Brooks and Nash attempted to get into the driver's side of the white Grand Am, but were prevented from doing so by the driver, William Riley ("Riley"). Nash then entered the Grand Am on the passenger side, and Brooks ran back to a red Mustang. The Grand Am began to move toward 34[th] street. Antoinette and Anthony heard a "pop" and Nash "rolled out" of the Grand Am. (Tr. 50, 91.) Nash ran to the red Mustang, which drove away. The Grand Am continued to move forward until it crashed into a dumpster. When Indianapolis police officers arrived, they found Riley in his vehicle, shot in the head. Riley later died as a result of the gunshot wound.

> On December 19, 2003, Nash was arrested on an unrelated warrant. After his arrest, Nash gave a statement to

2

> Detective Kenneth Martinez wherein he admitted his involvement in a plan to rob Riley.[1]  On December 24, 2003, the State charged Nash with [felony] murder, attempted robbery and unlawful possession of a firearm by a serious violent felon.

Nash v. State, No. 49A02-0504-CR-321, slip op. pp. 2-3 (Ind. Ct. App. Nov. 8, 2005), trans. denied.

Nash's jury trial was held on February 28-March 1, 2005.  The jury acquitted Nash of felony murder but convicted him of Class A felony attempted robbery; Nash then waived jury trial on the firearm count and the trial court found him guilty of that charge.  On direct appeal, Nash challenged the sufficiency of the evidence supporting his convictions and the fifty-year sentence he received.  We affirmed in all respects.

Nash filed a pro se PCR petition on November 21, 2006.  On September 12, 2011, hired counsel amended the petition.  The sole issue raised in the amended petition was whether Nash's trial counsel was ineffective for failing to object to a final jury instruction defining attempted robbery.  After conducting a hearing, the post-conviction court denied the petition on October 1, 2012.  Nash now appeals.

**Analysis**

"Post-conviction proceedings are civil proceedings in which the defendant must establish his claims by a preponderance of the evidence."  Wilkes v. State, 984 N.E.2d 1236, 1240 (Ind. 2013) (citing Ind. Post–Conviction Rule 1(5)).  A defendant appealing the denial of a PCR petition is appealing from a negative judgment and thus must

---

[1] Nash claimed that Brooks shot Riley.

3

establish that the evidence as a whole unmistakably and unerringly points to a conclusion opposite that reached by the post-conviction court. Id. "We review the post-conviction court's factual findings for clear error, but do not defer to its conclusions of law." Id.[2]

A claim of ineffective assistance of trial counsel is a proper post-conviction argument. Id. To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that his or her counsel's performance was deficient and that the petitioner was prejudiced by the deficient performance. Ben–Yisrayl v. State, 729 N.E.2d 102, 106 (Ind. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)), cert. denied. An attorney's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms. French v. State, 778 N.E.2d 816, 824 (Ind. 2002). To meet the appropriate test for prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. Failure to satisfy either prong will cause the claim to fail. Grinstead v. State, 845 N.E.2d 1027, 1031 (Ind. 2006).

When a defendant claims ineffective assistance of trial counsel based on failure to object to an allegedly erroneous jury instruction, he or she must establish that if trial

---

[2] As noted by Nash, the post-conviction court here adopted verbatim the State's proposed findings and conclusions as its own. Our supreme court permits this practice, though it can in some cases erode our confidence "that the findings reflect the considered judgment of the trial court." Prowell v. State, 741 N.E.2d 704, 708-09 (Ind. 2001). This case presents essentially a pure legal question, which we would review de novo in any event.

4

counsel had lodged an objection, the trial court would have had no choice but to sustain it. Taylor v. State, 922 N.E.2d 710, 716 (Ind. Ct. App. 2010), trans. denied. In determining whether a trial court would have been required to sustain an objection to a jury instruction, we keep in mind that instructing a jury generally lies within a trial court's sound discretion. Orta v. State, 940 N.E.2d 370, 376 (Ind. Ct. App. 2011), trans. denied. Factors to consider in reviewing the propriety of a jury instruction include whether the instruction correctly stated the law; whether there was evidence in the record to support the giving of the instruction; and whether the substance of the instruction was covered by other instructions given by the court. Id. To constitute an abuse of discretion, the jury instructions as a whole must be erroneous and misstate the law or otherwise mislead the jury. O'Connell v. State, 970 N.E.2d 168, 172 (Ind. Ct. App. 2012). "[I]t is bedrock law that a defendant in a criminal case is entitled to have the jury instructed on all the elements of the charged offense." Thomas v. State, 827 N.E.2d 1131, 1134 (Ind. 2005).

The trial court gave the following jury instruction regarding attempted robbery, without objection:

> A person who knowingly or intentionally takes property from another person or from the presence of another person, by using or threatening the use of force on any person, or by putting any person in fear, commits robbery, a Class C felony.
>
> The offense is a Class A felony if it results in serious bodily injury to any person other than the defendant.

5

A person attempts to commit a robbery, when acting the culpability required for commission of the robbery he engages in conduct that constitutes a substantial step toward commission of the robbery. The crime of attempted robbery is a Class A felony.

Before you may convict the Defendant of attempted robbery, the State must have proved each of the following elements beyond a reasonable doubt:

1. The Defendant, Tranell Nash

2. Acting with the culpability required to commit the crime of robbery, which is defined as:

      A. The Defendant, Tranell Nash;

      B. Knowingly or intentionally;

      C. Took property, that is: a motor vehicle and/or personal property, from the person or presence of William Riley;

      D. By putting William Riley in fear, or by using or threatening the use of force on William Riley

      E. And the commission of elements 1 through 4 resulted in serious bodily injury, that is: a gunshot wound of the head to William Riley;

3. Did approach the vehicle of William Riley while William Riley sat inside the vehicle, and confronted William Riley at gunpoint inside said vehicle;

4. Which was conduct constituting a substantial step toward the commission of the crime of robbery.

If the State failed to prove each of these elements beyond a reasonable doubt, you must find the Defendant not guilty of the crime of attempted robbery, a Class A felony, charged in Count II.

6

Trial App. pp. 153-54.

Nash acknowledges that this instruction was pieced together from two pattern criminal instructions, numbers 2.01 (regarding attempt) and 3.49 (regarding robbery). Although pattern instructions are not always upheld as correct statements of the law, it nevertheless is the preferred practice to give such instructions when possible. Boney v. State, 880 N.E.2d 279, 294 (Ind. Ct. App. 2008), trans. denied. However, Nash contends as put together the instruction misadvised the jury as to the elements of Class A felony attempted robbery, claiming it would have permitted the jury to convict him of that offense if it found only that he had intended to cause serious bodily injury to Riley, when in order to be convicted of that offense the State had to prove that serious bodily injury actually resulted to Riley. Nash argues that in order to be correct, part 2(E) of the instruction should instead have been made a separate part 5 at the end of the instruction.

In order to convict Nash of Class A felony attempt robbery, the State was required to prove that he (1) engaged in conduct that constituted a substantial step toward, (2) the knowing or intentional, (3) taking of property from the person or presence of Riley, (4) by putting him in fear or by using or threatening the use of force on him, (5) which resulted in serious bodily injury to Riley. See Stokes v. State, 922 N.E.2d 758, 764 (Ind. Ct. App. 2010), trans. denied. The State was not required to prove any mens rea with respect to the injury Riley sustained. See Wethington v. State, 655 N.E.2d 91, 96 (Ind. Ct. App. 1995), trans. denied. Additionally, it was not required to prove that Nash, as

7

opposed to Brooks, actually shot Riley. <u>See</u> <u>Ballard v. State</u>, 540 N.E.2d 46, 48 (Ind. 1989).

We agree that the trial court's attempted robbery instruction could have been more artfully drafted. Placing part 2(E) of the instruction at the end of the instruction as a separate subsection 5 would have more clearly divorced the serious bodily injury requirement for Class A felony attempted robbery from the mens rea required to commit that offense. Taken as a whole, however, the instruction adequately informed the jury that the State had to prove that Riley actually sustained a serious bodily injury as a result of the attempted robbery, not merely that Nash intended to cause such injury. Despite its awkward location in the instruction, part 2(E) adequately and accurately instructed the jury that it could convict Nash of Class A felony attempted robbery only if "the commission of elements 1 through 4 <u>resulted in</u> serious bodily injury . . . ." Trial App. p. 153 (emphasis added). We do not believe the jury would have been misled into thinking that it could convict Nash only upon evidence that he intended to cause serious bodily injury to Riley but failed to do so. We also do not believe the trial court would have been required to sustain an objection to this instruction because it did not constitute an abuse of discretion to give it. Trial counsel's performance, therefore, did not fall below an objective standard of reasonableness by failing to object to the instruction.

Nash also discusses the apparent oddity of the jury acquitting him of felony murder—based on a killing during the course of attempted robbery—but convicting him of Class A felony attempted robbery resulting in serious bodily injury, i.e. death. Nash

8

raised this issue primarily as a means of showing alleged prejudice resulting from the attempted robbery jury instruction; because we have found trial counsel's performance to be objectively reasonable, we need not resolve the prejudice issue. To the extent Nash argues the inconsistent verdicts point to an inherent flaw in the attempted robbery instruction that counsel should have objected to, we observe that although Indiana courts previously had the power to review and correct jury verdicts that appeared to be "extremely contradictory and irreconcilable," they no longer do so. Beattie v. State, 924 N.E.2d 643, 648 (Ind. 2010). The Beattie court acknowledged that a jury's decision to return two apparently logically inconsistent verdicts could mean that the jury misunderstood the instructions, but that "it is more likely that the jury chose to exercise lenity, refusing to find the defendant guilty of one or more additionally charged offenses, even if such charges were adequately proven by the evidence." Id. The court also recognized the possibility of compromise jury verdicts but stated that defendants were adequately protected from such verdicts by appellate review of the sufficiency of the evidence. Id. at 649. Given Beattie, we decline to assume, as Nash seems to do, that juries always act logically in the verdicts they return, nor do we take the allegedly inconsistent verdicts here as proof that the attempted robbery instruction was fatally flawed.

## Conclusion

Nash failed to establish that he received ineffective assistance of trial counsel, and

9

we affirm the post-conviction court's denial of his PCR petition.

Affirmed.

NAJAM, J., and BAILEY, J., concur.